No. 6.—ROBERT R. BECK, plaintiff in error, *vs.* MADISON POUNDS, defendant in error.

[1.] School articles: " I, R. R. Beck, propose to teach a Classical and English school at Fountain, for the term of ten months, to consist of forty weeks of five days each. The following rates of tuition *we*, the subscribers, agree to pay the proposed teacher, at the expiration of the term : orthography, reading, writing and arithmetic, $16 50 per scholar, &c. All day scholars will be charged one-fourth more than the above rates." Then follows the names of the subscribers, with the number of scholars entered by each : *Held*, that the liability of the subscribers was several and not joint.

Assumpsit, &c. in Warren Superior Court. Decision by Judge JAMES THOMAS, April Term, 1856.

This was a suit upon school articles by the teacher, against one of the subscribers. The articles were as follows: " I, R. R. Beck, propose to teach a Classical and English school at Fountain, for the term of ten months, to consist of forty weeks of five days each. The following rates of tuition we, the subscribers, agree to pay the proposed teacher, at the expiration of the term." The rates of tuition follow and the names of the subscribers, with the number of scholars entered by each.

When offered in evidence, the Court ruled out the articles, on the ground that it was a *joint* agreement and undertaking, and that one subscriber could be sued alone. This is the only error complained of in this record.

POTTLE, for plaintiff in error.

GIBSON, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Whether these school articles be technically construed, or interpreted according to the obvious meaning and intention of the parties, the case is with the plaintiff in error.

That each employer designed to obligate himself to pay for the tuition of every other patron's pupils, no one, for a moment, can believe. Such a conclusion would do violence to common sense, as well as the common understanding of the country. Are they thus, technically, bound upon this paper? We think not.

The nature, and especially the entireness of the consideration, is of great importance in determining whether the promise be joint or several; for if the consideration moves from many persons jointly, the promise is joint; if from many persons, but from each severally, there the promise is several. (1 *Parsons on Contracts*, 19, 20, *citing Bell vs. Chaplain, Hardres*, 321.)

Tested by this rule, the case is plain.

Apply the principle called *reddendo singula singulis*: that is, of distributing out the contract and giving to each his own, and the liability of the defendant is separate and individual. Under this head Mr. *Bouvier*, in his *Law Dictionery*, 2d vol. *p.* 420, puts this example: Two descriptions of property are given together in one mass; both the next of kin and the heir cannot take, unless in cases where a construction can be made *reddendo singula singulis*—that the next of kin shall take the personal estate, and the heir at law the real estate. (*Vide* 14 *Ves.* 490; 11 *East*, 513, *n*; *Bac. Abr. Conditions, L.*)

Had Mr. Beck, the teacher, sought to charge his patrons as securities, each for the rest, it would not have been so strange, although the law would have been against him. But that Mr. Pounds should insist that Mr. Dozier, Mr. Dyer, Mr. Beall and every other employer, is jointly liable with himself for the tuition of his two children, is rather singular.