Theophilus S. Fontaine, plaintiff in error, *vs.* The Eagle and Phenix Manufacturing Company, defendant in error.

To constitute an election by the seller between a principal and agent, so that the giving credit to the agent will prevent the seller from afterward demanding payment of the principal, it should appear that the credit was given exclusively to the agent.

Sales. Principal and agent. Before Judge James Johnson. Muscogee Superior Court. May Term, 1873.

The Eagle and Phenix Manufacturing Company brought complaint against Theophilus S. Fontaine, on an account for goods sold, amounting to $105 29. The defendant pleaded the general issue.

The evidence made the following case: The defendant applied to the secretary and treasurer of the plaintiff to pur-

chase a bill of goods. The plaintiff, through said officer, declined to sell the goods to him because the merchants objected to its selling to consumers. The secretary told the defendant to procure a merchant to purchase the goods for him, and explained that this course was simply to evade the city taxes. Subsequent to this, W. A. Barden, a merchant, ordered the goods for defendant. The merchandize was charged to defendant in the original book of entries, but the account was posted in the ledger to Barden. The latter was to collect the price of the goods from the defendant for the plaintiff, because the plaintiff would not sell to consumers, and the entries were made as above set forth for this reason. An account, in which the goods were charged to Barden, was repeatedly presented to him for payment. The goods were delivered to the defendant. The secretary of the plaintiff testified expressly that the credit was extended to the defendant. Subsequent to the sale Barden was burnt out, and became insolvent. He was largely indebted to the defendant.

The court charged the jury as follows:

"1st. That if the evidence shows that defendant bought the goods, and they were delivered to him, then the defendant is liable.

"2d. If, however, the goods were sold to Barden, and not to defendant, then the defendant is not liable for them.

"3d. If defendant procured Barden to purchase the goods for him, and he did so, and defendant received them, then he is liable for them.

"4th. If the arrangement was that Barden should buy the goods for defendant, in order that the plaintiff might avoid the payment of a tax, and that the goods should be charged to Barden, to evade being charged the tax, and under this arrangement defendant received the goods, then he is liable."

To each of said charges defendant excepted.

Defendant requested the court to charge the jury as follows:

"1st. If the jury believe from the evidence that the bill of goods was charged on the ledger to Barden, and afterwards the account was made out to him, Barden, individually, and

several times presented to him for payment, that they might consider this as an election on the part of the plaintiff to credit Barden instead of defendant.

"2d. That if the plaintiff knew the principal, Fontaine, at the time, and yet elected to give credit to his agent, Barden, it must be taken to have abandoned their right to charge defendant.

"3d. That if the jury believe that plaintiff made an arrangement to sell the goods to evade the tax laws, they cannot recover."

The court refused to charge as requested, and defendant excepted.

The jury found for the plaintiff. The defendant moved for a new trial upon each of the aforesaid grounds of exception. The motion was overruled, and the defendant excepted.

RUSSELL & RAIFORD, for plaintiff in error.

C. H. WILLIAMS; PEABODY & BRANNON, for defendant.

TRIPPE, Judge.

The main question in this case was one of fact—to whom was credit for the goods given, or rather was credit given by the seller to Barden, exclusively, so as to make it an election that would disable him from afterwards demanding payment of Fontaine? This point arises under the second request made by counsel for the defendant below. That request was, "If plaintiff knew the principal, (Fontaine,) at the time, and yet elected to give credit to his agent, (Barden,) it must be taken to have abandoned its right to charge defendant." Section 2198 of the Code is, "If the credit is given to the agent by the choice of the seller, he cannot afterwards demand payment of the principal."

At first glance it might appear that under this section it was error for the court to refuse the charge. But what were the facts: The goods were bought by Barden for Fontaine, the defendant. They were shipped by the factory to the de-

fendant. He received them and used them. They were entered in the original book of entries to Fontaine, though transferred to the ledger.to Barden. The officer of the factory who sold the goods testified that he gave the credit* to Fontaine, and looked to him for payment, and that at one time defendant promised to pay the bill. .That the bill was presented to Barden several times, as he was to collect it for the factory. There was counter-testimony tending to show that credit was given to Barden. In *Wyley and others vs. Collins & Company*, 9 *Georgia*, 224, it was held that in order to constitute an election to credit the agent so as to discharge the principal, it must appear that exclusive credit was given to the agent, and that the bare circumstance of having charged the goods to the agent on the books does not constitute such an election, nor does the taking of the note of the agent in liquidation of the account. And it is stated as a general result of the authorities, that in the absence of proof that the seller intended to exonerate the principal, the presumption would be that he does not. It is true that an election deliberately made, with knowledge of the facts, is conclusive. But, as has been stated, it must appear that the seller has chosen to make the agent his debtor, dealing with him and him alone, and that exclusive credit was given to him: 9 B. & C., 78; 4 Taunt., 574; 15 East, 62. There may be many cases in which both the agent and the principal may be bound, and several of them are referred to in *Wyley and others vs. Collins & Company, supra*. In this case, the mere fact that the account, which was entered in the original book of entries to the principal, was afterwards transferred to the agent's account, in the ledger, and presented to him, does not, of itself, or under the testimony in the case, make it such a case of exclusive credit given to Barden as to bar the creditor of all right to go on Fontaine. At least, under the testimony, the written request should have contained that point, to-wit: not whether any credit was given to Barden, but whether it was so given as to be exclusive of any right of the seller to demand payment afterward from the principal.

There was no evidence of any city taxes having been imposed on the goods sold, which were avoided or intended to be avoided, so as to make the contract void on that account. No ordinance of the city of Columbus was introduced, and there was no proof of the violation of any law, state or municipal. As to whether the contract would have been void or illegal had there been such testimony, we do not decide.

Judgment affirmed.