MATTHEW DALY *et al.*, plaintiffs in error, *vs.* HINES & HOBBS, defendants in error.

MATTHEW DALY, plaintiff in error, *vs.* HINES & HOBBS, defendants in error.

(JACKSON, Judge, having been of counsel, did not preside in these cases.)

1. Employment of attorneys by the principal alone, to defend *scire facias* against principal and bail, will not subject the bail to any liability for the attorney's fees; and a verdict for such fees against both, jointly, is contrary to law and without evidence.

Daly *et al. vs.* Hines & Hobbs.

2. In an action by attorneys against their client, for fees in criminal cases which were never tried, while it is competent for the plaintiffs, by parol evidence, to disclose fully the nature and magnitude of the offenses charged, the difficulties of defense, and the dangers of conviction, it is not competent for their witnesses to testify that certain facts appeared from the cases; such as that the defendant participated in elections, and subsequently, when pressed to enter the military service, claimed exemption on the ground that he was a British subject, and made affidavit that he had never exercised any of the rights of citizenship; nor can the witnesses testify that though the evidence was clear that the defendant had voted, the solicitor had his affidavit denying it; or that the indictments, if true, showed that the defendant had sworn to citizenship and voted, and then, after arrest as a conscript, had sworn he was not a citizen, but a British subject. What *appeared* from cases never tried, would depend on conclusions drawn by the witnesses; and what was contained in affidavits, or *shown* by indictments, would be better established by the documents themselves, or by copies from the record.

3. While the pecuniary condition of the client at the time of engaging counsel, or at the time their services were rendered, may be pertinent in graduating fees, what it has come to be several years later is irrelevant.

4. Verdict not satisfactory in amount, on the peculiar facts.

Attorney and client. Fees. Bail. Principal and security. Evidence. Before Judge HILL. Bibb Superior Court. October Term, 1874.

Reported in the opinion.

LANIER & ANDERSON, HILL & HARRIS, for plaintiffs in error.

A. O. BACON, for defendants.

BLECKLEY, Judge.

Two cases are embraced in this bill of exceptions, having been tried together in the court below. One of the actions was against Matthew Daly, alone; the other against Matthew and Dennis Daly. Hines & Hobbs were the plaintiffs in both.

In December, 1863, Matthew Daly employed Hines & Hobbs to assist in his defense upon three indictments, one for cheating and swindling, one for illegal voting, and one for

false swearing, and gave them his note for $500 00.   That note is the foundation of one of these suits.   Dennis Daly became bail for Matthew in all three of the prosecutions. Proceedings were commenced to forfeit the recognizances in 1866 ; and an account for services rendered by Hines & Hobbs in respect to these proceedings, is the foundation of the other suit.

1. As to Dennis Daly, although he was a party to the writs of *scire facias* brought to enforce the recognizances, there is no evidence that he took any part in employing counsel, or that any services were rendered at his instance.   His principal had no authority, so far as appears, to make any contract on his behalf.   The recovery, in the joint action is, therefore, as to him, contrary to law and without evidence : 11 Shep., 147.   There was much evidence introduced by the plaintiffs . on the trial, and certain parts of it were objected to as illegal. Certain other parts of it were set out in the 6th and 7th grounds of the motion for new trial, as objected to, but the judge states, in his order overruling the motion, that these grounds are not true.   For this reason, although counsel have filed a consent on the subject, we deem it best not to consider these grounds, and we make no ruling upon them.

2. The second head-note to this opinion indicates with sufficient clearness the evidence which we do not approve, the admission of which is complained of in the 4th, 5th, and 9th grounds of the motion for new trial.   Our judgment is that all the evidence set forth in these grounds ought to have been excluded, except the last sentence in the 9th ground, which declares the opinion of Colonel Hines, the witness, that but for the course of management pursued, Daly would have been convicted.   We think it was incompetent for Messrs. Hobbs and Vason to testify to what *appeared* from the cases. The cases were never tried, and their statement that certain facts appeared from them must have been but the conclusions of their own minds.   If they meant, not to indicate their conclusions, but to recite the contents of the pleadings, they were still on forbidden ground, for the contents of the pleadings, as

Daly *et al. vs.* Hines & Hobbs.

pleadings, could be shown only by copies or duly authenticated transcripts. We think, also, they should not have been allowed to state, as a fact, that the affidavit in the hands of the solicitor was to a certain effect. If the contents of the affidavit were relevant, the document itself, or a copy, ought to have been produced, or the non-production accounted for. The same principle applies to the evidence of Colonel Hines, in reference to the indictments; and as the indictments themselves, or rather certified transcripts, were in evidence, a comparison of them with his testimony affords a striking illustration of the danger of trusting to the memory of witnesses when the higher and better evidence is attainable. Colonel Hines testified that the indictments, if true, showed that Daly had sworn, first, that he was a citizen of Georgia, and voted, and that after he was arrested as a conscript he swore he was not a citizen, but a British subject. In point of fact the indictments, as contained in the record, fail to show that Daly ever swore either that he was a citizen of Georgia or a British subject, or that he ever was arrested as a conscript, or that he ever was a conscript, or that he ever was arrested. Colonel Hines knew all these facts, doubtless, from other sources, and honestly thought they were shown by the indictments. It seems he was mistaken.

3. On cross-examination, Daly was required to answer, over the objection of his counsel, whether he had not made money since the war, and what he was worth at the time of trial. Other witnesses (experts) in the case referred to the pecuniary condition of the client as a proper element to be considered in fixing the amount of fees; but they did not and could not mean that his condition, after the contract and after all the services had been rendered, would have anything to do with the question. Here the last services were in 1868, and the trial took place in 1874. Undoubtedly the client's prosperity after 1868, and his actual pecuniary standing at the trial, were totally irrelevant.

4. The note sued on was a Confederate contract. Daly, according to his testimony, understood it to cover full fees, and

VOL. LV. 31.

to be dischargeable in Confederate money. The plaintiffs, on the contrary, treated it as a mere retainer, and regarded the final limit of the fees as left open. There was evidence of the value of Confederate money, and of the value of the plaintiffs' services. Judge Lyon fixed the aggregate value of the services in both case at $500 00, and Mr. Irvin fixed it at $450. These were the only wholly disinterested witnesses who testified on the subject. The interested witnesses, among whom we include Judge Vason, as his firm were associated in all the cases with Hines & Hobbs, and claimed equal fees with theirs, made estimates much higher. The jury allowed in the two cases $475 00, with interest on $225 00 from the date of the note, and on $250 00 from January 1st, 1868. If we were altogether satisfied with this result we should refuse a new trial, except as to Dennis Daly, notwithstanding the errors which appear in the record, but we are not. We think it appears from Judge Lyon's testimony that the delay of payment was taken into consideration by him, and that he did not contemplate any increase of his estimate by the addition of interest. What may have been in Mr. Irvin's mind on that subject, is not so clear, but as his estimate covers all services in each prosecution down to the final disposition of *scire facias* on bond, it is not probable that his real meaning could be reconciled with the allowance of any interest whatever prior to that date. Several facts impress us and incline us to adopt, substantially, Judge Lyon's estimate. These facts are, that Vason & Davis are, it seems, to be compensated on the same scale as Hines & Hobbs; that all the recognizances were Confederate contracts, and therefore, perhaps, represented much less actual money than their nominal amounts; and the prosecutions, though stirred a little in 1866, seem to have rather worn out with the war. They appear to have tasked the tact of counsel more than their learning or labor, and to have required only to be continued from term to term until passions had subsided, and times had changed. They were all ended by *nol. pros.*, and that shows they were virtually defunct, for otherwise it would be imputing to public officers

gross dereliction to suppose that they would suffer such grave accusations to be thus disposed of. One of the cases, at least, that which concerned illegal voting for president of the Confederate States, and members of the Confederate congress, had become utterly impotent. Neither the indictment nor the bond could have given any serious trouble after the state had lost her place in the Confederacy, and declared for the union.

On the whole, we reverse the judgments in both cases, unless the plaintiffs below shall elect to write off the interest in both up to the rendition of judgment, and enter a *nol. pros.* as to Dennis Daly in the case to which he is a party. In the event of their so doing, then, the judgments, thus modified, are affirmed.

In thus disposing of the cases, we pronounce nothing positively as to whether the verdicts, as to amount, are contrary to evidence or not. We put the grant of new trial upon the admission of illegal evidence, and the want of evidence to charge Dennis Daly.

Judgment reversed.