### MATHEWS *et al. v.* GILES.

On the trial of a suit brought against a trustee and the beneficiaries of the trust estate, for the purpose of subjecting property of the estate to the payment of an attorney's fee for services rendered in a case for the benefit of the estate, growing out of an alleged employment of the plaintiff by an agent of the trustee, with knowledge by the trustee and beneficiaries that such services were actually being rendered by the plaintiff, a verdict in his favor subjecting the trust property is unwarranted, when the uncontradicted testimony shows that the alleged agent did not employ the plaintiff under any authority from the trustee or beneficiaries, but on his own account employed another attorney and paid him for the services rendered. This is true notwithstanding the plaintiff may have rendered most of the services; it appearing that he was never employed by any one other than the original counsel for the defense, and that the services he rendered were by virtue of such employment.

Submitted June 6, — Decided July 24, 1899.

Equitable petition. Before Judge Felton. Houston superior court. April term, 1898.

*Guerry & Hall* and *L. L. Brown,* for plaintiffs in error.
*Hardeman, Davis & Turner,* contra.

LEWIS, J. A. S. Giles brought suit, in Houston superior court, against H. A. Mathews as trustee for Eva G. Mathews and her children, and sought to subject the trust estate to a debt which he claimed to be due for professional services rendered

by him as attorney for the trustee in defending a suit in which a creditor sought to subject the trust estate to his claim. The plaintiff died pending the suit, and his administrator, W. C. Giles, was made a party plaintiff. The petition claimed that J. R. Mathews, husband of the beneficiary Eva G. Mathews, was the agent of the trustee, and that he employed petitioner to defend the suit, and that he rendered services by virtue of this employment, and thus saved the property of the trust estate from being subjected to the claim of the creditor. It appears from the evidence that the suit was never brought to trial, but was dismissed for want of prosecution, after the answer of the defendant was filed. It was claimed that the suit involved about $2,000. There is no evidence whatever in the record that J. R. Mathews or the trustee or any of the beneficiaries ever employed the plaintiff to defend that suit against the trust estate. On the contrary, it appears from the testimony that J. R. Mathews was not the agent of the trustee and was never employed by him to look after the estate or to defend the suit, but that J. R. Mathews on his own responsibility employed W. C. Winslow to represent the defense, and that he paid him his fee in full. Mathews as attorney also appeared as counsel for the defense, but whether as Winslow's partner does not appear. The inference is clear from the testimony that Winslow associated with him the plaintiff, A. S. Giles. Eva G. Mathews died, and her husband, J. R. Mathews, and their children, the beneficiaries, continued to live upon the trust property. It seems that the husband managed this property and that the trustee never had possession of it nor took any part with reference to its management. The trust deed was executed August 5, 1872, from James A. Miller to W. A. Mathews as trustee for Eva G. Mathews and her children, in consideration of love and affection for his grandson, J. R. Mathews, and their children. The deed stipulated that the property was to be free from the debts of the husband, and empowered the trustee to sell and convey the land by consent of J. R. Mathews and his wife, and reinvest the proceeds of the sale in conformity with the trust. It further provided that should J. R. Mathews die leaving no child or children, or should no child or children survive the

said Eva, then the land after her death was to revert back to the children of the grantor's granddaughter and the children of her brother. H. A. Mathews succeeded the trustee named in the deed. The jury returned a verdict for the plaintiff for $100, besides interest, subjecting to its payment the trust estate. Whereupon the defendants moved for a new trial, on the grounds that the verdict was contrary to law and the evidence, and on the further ground that the court erred in overruling the motion of defendants for a nonsuit in the case.

Further exception is taken, in the motion for a new trial, to the charge of the court in reference to the law on the subject of express and implied contracts, the material part of the charge excepted to being as follows: "The plaintiff sues upon what is known as the quantum meruit; that is, that there was an implied contract on the part of defendants in this case to pay him, growing out of the fact that he rendered these services for them, for their benefit and for the benefit of the trust estate; that they knew of the fact of these services; that they accepted and received the benefit of those services and obtained the benefit of those services; and for that reason there was, in law, an implied obligation, though no express contract was entered into employing him, to pay him for those services what they were, in point of fact, reasonably worth. Now I read you this section of our code: 'Ordinarily when one renders services valuable to another which the latter accepts, a promise is implied to pay the reasonable value thereof, but this presumption does not naturally arise between relatives.'" While the charge of the court complained of is correct as an abstract principle of law, we do not think the principle has any application whatever to the facts of this case. Under the deed to the trustee, this was clearly an executory trust. Even conceding that a trust estate could be thus bound by an implied contract arising out of a knowledge on the part of its beneficiaries and the trustee that valuable services were being rendered by one for the benefit of the trust estate, and which actually resulted in benefit to the trust estate, we can not see upon what principle of law or reason this doctrine can be invoked in behalf of one who renders services by virtue of a contract of em-

ployment, not with the beneficiaries, the trustee, or their agent, but with a person employed by them to do the identical services; especially when such person continued in their employment and received full compensation for the entire service rendered. Conceding, therefore, that the employment of the original counsel, Winslow, by J. R. Mathews, the husband and father of the beneficiaries, was binding on them; they certainly would not be liable for the fees that might be due such an attorney as the original counsel might have seen fit to associate with him to aid in the defense of the suit. We do not think that J. R. Mathews himself would be liable for the fees of such an associate attorney, after he had paid to the only counsel to whom he was under obligation by contract compensation for the entire work. As well might it be contended that where one, for instance, had employed a contractor to construct a building and had paid him in full the entire contract price, he would also be responsible for the compensation of a subcontractor or employee working by virtue of an agreement had alone with the original contractor. It is true there was testimony that Winslow died before the suit in which he was employed finally terminated, and that Giles and Mathews continued to represent the defendant. But it does not appear that any service was thereafter rendered in the defense, except that suit was dismissed for want of prosecution. Even if other service was rendered by Giles, the presumption is it was by virtue of his previous employment by Winslow. It is often the case that attorneys who are engaged to prosecute or defend a suit in court employ upon their own responsibility an associate attorney to aid in the conduct of the case. When this is done without any contract being made with the client touching the compensation of such associate attorney, and the client pays the attorney he employed for the entire service rendered, we think he is certainly discharged from any further liability for fees. In such a case it is manifestly the duty of the original counsel, after having received full compensation, to divide with his brother associate fairly in proportion to the services rendered by the latter. It may be the plaintiff in this case has a cause of action against the estate of Winslow; but the evi-

dence fails to show any valid claim against the trust estate or its beneficiaries.    We therefore conclude that there was no testimony in the record authorizing the recovery of any amount by the plaintiff in this action; and that the court erred in the charge complained of, and in not granting a new trial on the ground that the verdict was contrary to the evidence.

.*Judgment reversed.    All the Justices concurring.*