## LIPPINCOTT & COMPANY *v.* BEHRE.

1. Where suit is brought against defendants who are only jointly liable, the plaintiff can not dismiss as to one and proceed against the other, except in cases provided for by statute.
2. But where suit is brought against two or more defendants alleged to be jointly liable, and the proof or the pleadings show that there is no joint liability, the plaintiff may dismiss as to those who are not proper parties to the action.
3. Where the plaintiff, having a right to elect whether he will sue the agent or the undisclosed principal, improperly joins both in the same action, he may exercise the right of election, proceed against one, and dismiss as to the other.
4. If the contract as originally signed did not bind the defendants, the allegations of the petition are sufficient to show that the same had been adopted by them, and that partial payments thereunder had been made to the plaintiff.
5. The amendment, setting out the subsequent change as to territory and commission, did not constitute new causes of action, but merely stated modifications of the existing and adopted contract.
6. The court did not err in overruling the demurrer.

Argued February 14, —Decided March 27, 1905.

Action on contract. Before Judge Reid. City court of Atlanta. March 19, 1904.

On January 6, 1902, Charles H. Behre made an affidavit that Charles Lippincott & Company and the American Soda Fountain Company were indebted to him $3,614.13 on an account, and

that the defendants resided out of the State. An attachment issued thereon, garnishments were served, and the defendants gave bond. The plaintiff filed a declaration on the attachment, alleging: (1) That Charles Lippincott & Company are a partnership. (2) That the American Soda Fountain Company is a corporation. (3) That on February 4, 1895, the plaintiff entered into a contract with Alfred H. Lippincott, representing Charles Lippincott & Company as a salesman for said firm. Attached as an exhibit is a copy of an elaborate contract providing for the sale of soda fountains and apparatus in North and South Carolina, and cash registers in North Carolina, South Carolina, Georgia, and Alabama, and providing as to the amount of commissions to be paid; and when they were payable; and as to the effect of credit sales and bad collections, besides many other details. It was further provided that "This agreement is to remain in full force until terminated by either party thereto by a thirty days notice in writing." The paper is signed by Alfred H. Lippincott and Charles H. Behre. Exhibit "B" to the petition is an account headed, "Charles Lippincott & Company, in account with Chas. H. Behre." The debits cover a period from February 9, 1895, to January 11, 1897. The petition alleged, that under the contract the plaintiff entered into the service of the defendants as a traveling salesman, and served them until June 16, 1897; that he made sales entitling him to commissions amounting to $12,592.78; that the commissions were not payable until the collections had been made from those who purchased the material; that the defendants made payments aggregating $8,978.65; that the period at which the deferred payments on sales made by the plaintiff should become due has expired, and the defendants are now due the plaintiff $3,794.13; that at the time the plaintiff entered into the contract he did not know that Lippincott & Company were acting for the Soda Fountain Company, but that as a fact they were, and that the American Soda Fountain Company was an undisclosed principal and received the fruits of his labor as salesman and recognized him as its employee under the contract. The defendants filed special demurrers in which they set up that there was a misjoinder of parties defendant, that there was no joint cause of action, and that the petition set out no cause of action. There were also demurrers on the ground that the petition did

not state facts sufficient to show that certain items in the account were proper charges, or that the plaintiff had any right to recover the same, since the rate charged or the place where the sale was made indicated that the plaintiff had no cause of action thereon under the terms of the contract attached as an exhibit. The court held that the plaintiff could not maintain a joint action against the undisclosed principal and the agent making the contract with the plaintiff. Plaintiff thereupon elected to proceed against Charles Lippincott & Company, and struck the American Soda Fountain Company as a defendant.

The court overruled the general demurrer, but, in order to meet the grounds of the special demurrer, the plaintiff amended by alleging, that under the contract he entered into the service of defendants Charles Lippincott & Company as a traveling salesman; that about May 1, 1895, the defendants having discontinued the sale of the cash registers, in order to compensate plaintiff for the loss of this business they increased his commissions for the sale of soda fountains and apparatus; that on September 1, 1896, there was another change relating to the commissions on second-hand goods, and the restriction as to sales of such article in North and South Carolina was removed, and the plaintiff was allowed to sell in those two States and in Georgia, Alabama, Mississippi, and Louisiana; and that under the contract he was to be furnished with an itemized statement of the collections. To the amendment a demurrer was filed on the ground that the plaintiff could not in this suit recover for services rendered or commissions earned under the contracts of 1895 and 1896, and that the amendment set out a new cause of action. The defendants demurred to such items in the account as were only recoverable by reason of the contracts of 1895 and 1896. The court overruled the general and special demurrer, and the defendants excepted.

*Culberson, Willingham & Johnson, Hoke Smith,* and *Henry Hull,* for plaintiffs in error. *Westmoreland Brothers,* contra.

LAMAR, J. (After stating the foregoing facts.) In the same action the plaintiff sued both the agent and the undisclosed principal. The court sustained the contention that the defendants were not jointly liable, and therefore not jointly suable. The

plaintiff thereupon elected to dismiss as to the American Soda Fountain Company, the undisclosed principal, and to proceed against Charles Lippincott & Company, the agent with whom the contract was alleged to have been actually made. Civil Code, § 3024. The latter thereupon demurred on the ground that the plaintiff, having brought an action upon what he claimed was a joint contract, could not thereafter proceed against a single defendant. Such may have been the rule at common law. But it has been changed in Georgia. In *Wooten* v. *Nall*, 18 *Ga.* 610 (7), 624, 626, attention was called to the fact that even at law, where one of the parties dies, new parties may be made; and the court then proceeded to argue that the greater includes the less, and it is easier to strike than to add, saying that under the right to amend the pleadings at any stage and in all respects, the plaintiff could strike the name of any defendant who was not liable and proceed to take judgment as to the rest. *Francis* v. *Dickel*, 68 *Ga.* 256 (2), 258, is to the same effect, even though the suit was against those sued as partners. See Civil Code, § 5104. All through our reports there is a recognition of the rule that a misjoinder of parties or of causes of action is not fatal. Of course, if the liability is joint, then all those jointly liable must be sued. The plaintiff has no right to impose upon one the burden of a single obligation which was assumed, not severally, but jointly. He can not sue some of the contracting parties where all are liable as a unit, except in those cases where the statute itself has made the exception. Civil Code, §§ 5009 – 5015. But where he sues defendants on the theory that they are jointly liable, and the evidence or the pleading discloses that some are not liable at all, or that some can not be joined in the same action, a case is presented which comes directly within the purview of our saving statute of amendments. *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691 (2). *Cox* v. *Henry*, 113 *Ga.* 260, recognized the rule, though there the plaintiff in attachment failed to dismiss as to the defendant who was improperly joined.

Assuming that the contract as signed bound Alfred Lippincott, and not Charles Lippincott & Company, there was nothing to prevent them, by reference or otherwise, from adopting this writing, or adopting the same terms as were contained in it. *International Power Co.* v. *Hardy*, 118 *Ga.* 512; *Butler* v. *Tifton R. Co.*, 121

*Ga.* 817.    That it was adopted and the benefit of plaintiff's serv-
ices thereunder accepted and the payments thereunder made to
him by the defendants sufficiently appears from the petition.    The
allegations that the defendants, in 1895 and 1896, changed some
of the terms of that original agreement and extended the territory
in which the plaintiff could work, and increased his commissions,
are also sufficient to show that the defendants recognized and
adopted the contract which had been made by Alfred Lippincott
"representing Charles Lippincott & Company."

Nor do the amendments set up new causes of action.    They are
but modifications of the original agreement which by its own
terms was not to be ended except on giving 30 days notice.    The
items in the account sued on are the same as those set out in the
petition as originally filed.    These amendments were offered for
the purpose of showing why the plaintiff at one date could recover
a greater rate of commissions than at another, and why he was
entitled to commissions on sales made in States other than those
named in the original writing.    There was no error in overruling
the demurrer.    *Judgment affirmed.    All the Justices concur.*