7616.　TERNEST *v.* GEORGIA COAST AND PIEDMONT
RAILROAD COMPANY.

The action was for personal injuries received more than two years before it was filed; and the allegations as to a former suit on the same cause of action, which was brought within the period of limitation and "was dismissed," and as to its renewal in this action and the right of renewal, were not sufficient to show that the case came within section 4381 of the Civil Code (1910), which provides that "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." The court therefore did not err in dismissing the action on demurrer on the ground that it was barred by the statute of limitations.

DECIDED NOVEMBER 16, 1916. ON REHEARING, DECEMBER 19, 1916.

Action for damages; from city court of Reidsville—J. V. Kelley, judge pro hac vice. June 7, 1916.

*Oliver & Oliver,* for plaintiff.

*Hitch & Denmark,* for defendant.

HODGES, J.　Suit was brought against the railway company for personal injuries, alleged to have been received in 1909. The present action is a renewal of the original suit, and was filed June 3, 1912. The defendant demurred on the ground that the action was barred by the statute of limitations. The action, not having been brought within two years after the right of action accrued, was barred (Civil Code, § 4497), unless the operation of the statute of limitations was arrested under section 4381 of the Civil Code. Under that section, if a plaintiff is nonsuited, he has the right of renewal in six months; if he discontinues or dismisses his case he has the same right. A dismissal for want of prosecution is held to be a discontinuance, within the meaning of the statute (*Rountree* v. *Key,* 71 *Ga.* 214) ; but where there has been a dismissal by the court on demurrer, the right of renewal does not exist. *Kimbro* v. *Virginia &c. Ry. Co.,* 56 *Ga.* 185 (3). For the purpose of showing that he was entitled to renew the action, the plaintiff amended the second suit by adding the following allegation: "Petitioner shows that before filing the suit filed in office June 3rd, 1912, petitioner had filed a former suit on the same cause of action on September 24th, 1910, which suit was dismissed upon a date at present unknown to petitioner, but which will appear upon the docket of the city court of Reidsville; that after the said suit was

dismissed, and within the period prescribed by law, petitioner, as he had a right to do, renewed his suit in the city court of Reidsville on June 3rd, 1912." It will be observed from the above that it is not alleged how the suit was dismissed; and pleadings are to be construed most strongly against the pleader. If dismissed on general demurrer there was no right of renewal under the statute. If dismissed for want of jurisdiction by the court there was no right of renewal. The allegation of the right of renewal was a mere conclusion of the pleader. There is nothing in the allegation upon which the court could determine that the renewal suit was within the statute. "Where, to prevent the bar of the statute of limitations, the plaintiff relies on the privilege of renewal within six months, conferred by the Civil Code, . . a copy of the record in the first suit should be attached, so that the court may determine, as a matter of law, whether the two suits were for the same cause of action and between the same parties. The court should have before it the petition, rather than the conclusions of the pleader thereon, for the further reason that it should be in position to determine whether the first suit was itself brought within the statute, and in a court having jurisdiction of the subject-matter." *Atlanta, K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 781, 784 (47 S. E. 366). It is alleged that the original suit "was dismissed upon a date at present unknown to petitioner, but which will appear upon the docket of the city court of Reidsville." The record does not show what appears upon the docket of the city court of Reidsville. If the plaintiff dismissed or discontinued his case the day after filing it, the renewal suit is barred; and the petition alleges nothing to the contrary. The allegation that "within the period prescribed by law, petitioner, as he had a right to do, renewed his suit" is a mere conclusion. Enough does not appear to enable the court to determine the question whether the present suit was saved by the renewal statute; in which respect this case differs from the case of *Atlanta, K. & N. Ry. Co.* v. *Wilson,* supra, where it was held that enough did appear in the record to save the case. There was no error in dismissing the petition on demurrer.

ON REHEARING.

PER CURIAM. Enough appears in the petition, however, to suggest that the plaintiff therein is entitled to relief, provided that

the proper allegations are made; and, accordingly, leave will be granted for that purpose. The judgment is affirmed, with direction that the plaintiff in the court below be allowed to amend his petition when the remittitur from this court is entered upon the minutes of that court.

*Judgment affirmed, with direction. Wade, C. J., and Broyles, J., concurs. Hodges, J., died pending the motion for rehearing.*