12646.  WILLINGHAM, WRIGHT & COVINGTON v. GLOVER et al.

JENKINS, P. J.  The plaintiff law firm sued the defendants upon a quantum meruit for the value of legal services rendered under an alleged joint contract and employment in representing their interests in a factional contest with other stockholders in a corporation. The amended petition in effect charges that the three defendants expressly and simultaneously employed the plaintiffs to perform the services in question for the defendants, and that the purposes sought and results obtained from such employment were a common undertaking and for the common benefit of the defendants. Defendants demurred upon the grounds: that there was a misjoinder of parties defendant and of causes of action, because the petition showed that the alleged contract was several and not joint, as the pecuniary holdings and interests of the defendants were separate and distinct; that certain of the alleged benefits were received by the corporation or by other stockholders or persons, for which they and not the defendants would be liable; that certain of the alleged services were not such as would authorize a recovery against the defendants; and that the petition is defective in form in failing to itemize the amounts claimed for each particular service and for expenses incurred. The court passed the following order: "The within demurrer sustained and plaintiffs' case dismissed, and judgment against plaintiffs for $—— costs." It does not appear that the plaintiffs tendered or sought to offer any amendment to avoid the order of dismissal, but they except thereto by direct bill of exceptions. *Held:*

1. Where a demurrer to a petition contains grounds both of general and of special demurrer, and the trial judge, without specifying the grounds or the basis of his decision, passes a general order sustaining the demurrer and dismissing the petition, the judgment will be treated as sustaining the entire demurrer upon all its grounds, and the special as well as the general grounds must be considered on review if the petition is not subject to the latter. *McClaren* v. *Williams*, 132 *Ga.* 352 (2) (64 S. E. 65); *Herring* v. *Smith*, 141 *Ga.* 825 (4) (82 S. E. 132); *DeLoach* v. *Ga. Coast &c. R. Co.*, 144 *Ga.* 678 (87 S. E. 889); *Gunn* v. *James*, 120 *Ga.* 482 (2) (48 S. E. 148); *Huggins* v. *Southeastern Lime & Cement Co.*, 121 *Ga.* 311 (48 S. E. 933); *Crittenden* v. *Southern Home Asso.*, 111 *Ga.* 266 (5) (36 S. E. 643); *Atlanta Post Co.* v. *McHenry*, 26 *Ga. App.* 341 (106 S. E. 324). The rule is otherwise where the order of dismissal is expressly limited to the general grounds,

or from its language may be so construed; in which event the special grounds will not be considered, but will be left to subsequent determination by the trial court. *Linder* v. *Whitehead,* 116 *Ga.* 206 (42 S. E. 358); *Simpson* v. *Sanders,* 130 *Ga.* 265, 271 (60 S. E. 541); *Linam* v. *Anderson,* 12 *Ga. App.* 735 (4), 739 (78 S. E. 424). While a peremptory judgment of dismissal is ordinarily not the proper disposition of a petition upon the sustaining of a special demurrer, but the result of sustaining the demurrer is only to eliminate the parts so held bad, so that under the better practice there should be no dismissal except where the plaintiff fails to amend in compliance with the court's terms affording opportunity to do so (*White* v. *Little,* 139 *Ga.* 523 (3), 77 S. E. 646; *News Pub. Co.* v. *Lowe,* 8 *Ga. App.* 333, 334, 69 S. E. 128), it is, however, the rule that, while the court may provide in its order sustaining a special demurrer that the plaintiff have an opportunity to amend so as to meet such special grounds, it is "not bound to do so, especially where no request is made for time in which to amend." *Lamar, Taylor & Riley Drug Co.* v. *First National Bank,* 127 *Ga.* 448, 452 (56 S. E. 486, 488); *Wells* v. *Butler's Builder's Supply Co.,* 128 *Ga.* 37 (3), 39 (57 S. E. 55). But where a petition has, on general order, been dismissed, and the appellate court finds that it is not subject to general demurrer, or to certain of the grounds of special demurrer, but is subject to other special grounds, direction may be given that, before the judgment of this court is made the judgment of the court below, the plaintiff be allowed to amend his petition so as to cure the defects therein, that upon his doing so the case stand for trial upon the petition as thus amended, and that upon his failure to do this the judgment below be unconditionally affirmed. *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (3) (46 S. E. 841); *Herring* v. *Smith,* 141 *Ga.* 825 (4 a) (82 S. E. 132); *Wilson* v. *Central of Ga. Ry. Co.,* 132 *Ga.* 215 (3) (63 S. E. 1121); *Brown* v. *Bowman,* 119 *Ga.* 153 (3), 158 (46 S. E. 410); *Dunn* v. *Western Union Tel. Co.,* 2 *Ga. App.* 845 (1), 853 (59 S. E. 189); *Ternest* v. *Ga. Coast & Piedmont R. Co.,* 19 *Ga. App.* 94, 96 (90 S. E. 1040); *Ga. Fertilizer & Oil Co.* v. *Johnson,* 18 *Ga. App.* 281 (89 S. E. 344).

(*a*) A misjoinder of parties or of causes of action is not a ground of general demurrer, but is a defect which should be taken advantage of by special demurrer filed at the first term. *Ga. R. Co.* v. *Tice,* 124 *Ga.* 459 (1), 462, 463 (52 S. E. 916, 4 Ann. Cas. 200); *Riley* v. *Royal Arcanum,* 140 *Ga.* 178 (1 b) (78 S. E. 803); *Neil* v. *Dow Law Bank,* 138 *Ga.* 158 (74 S. E. 1027); *Lippincott* v. *Behre,* 122 *Ga.* 543 (2, 3), 546 (50 S. E. 467); *Armuchee Pants Mfg. Co.* v. *Juilliard,* 14 *Ga. App.* 141 (80 S. E. 525). The former rule, stated in *Governor* v. *Hicks,* 12 *Ga.* 189, that such a petition will be held bad on general demurrer, has been expressly modified by the decision in *Ga. R. Co.* v. *Tice,* supra. The grounds attacking the alleged misjoinder in the instant petition, while treated by counsel as a general demurrer, cannot, therefore, be so considered, but, as they point out the alleged defects with sufficient particularity, may be treated as a part of the special demurrer.

2. Under the allegations of the petition, while the value of the alleged services can be recovered only under implied contract, upon a quantum

meruit, yet since under the allegations the employment itself was express and specific and was the simultaneous act of the defendants in furtherance of a common purpose and for a benefit common to all, the contract must be taken as controlled by the general legal presumption that such an obligation is joint. *Walker* v. *City of Rome*, 6 *Ga. App.* 59, 61 (64 S. E. 310); Elliott *v.* Bell, 37 W. Va. 834 (17 S. E. 399); Knowlton *v.* Parsons, 198 Mass. 439 (84 N. E. 798); Pittsley *v.* King, 206 Pa. 193 (55 Atl. 920); Hill *v.* Combs, 92 Mo. App. 242; Turley *v.* Thomas, 31 Nev. 181 (100 Pac. 568, 135 Am. St. R. 667); Paige on Contracts (2d ed.), 3584; 40 Cyc. 2838 (note 95); 13 Corpus Juris, 577, 578-580; 6 Corpus Juris, 730-732; 2 Ruling Case Law, 1032. Although disproportionate interests of beneficiaries of a contract in the subject-matter and fruits of the employment, where the nature of the contract is otherwise doubtful, may sometimes be considered in construing its nature and character as several (*Beck* v. *Pounds*, 20 *Ga.* 37; International Hotel Co. *v.* Flynn, 238 Ill. 638, 87 N. E. 855; 15 Ann. Cas. 1059; 2 Elliott on Contracts, 1478; 13 Corpus Juris, 578), yet in a contract such as is set forth by the amended petition, the express and simultaneous employment of the plaintiffs by the defendants in pursuance of a common object must be taken as the controlling factor in its construction.

3. One actually employing another to perform services, in the subject-matter or results of which others besides himself may have a beneficial interest, cannot avoid or apportion his personal liability for the compensation on the theory that he acted and assumed to act partly on behalf of the other beneficiaries, where he fails to disclose their names, although he may have informed the opposite contracting party that others besides himself had a beneficial interest. Silver *v.* Perkins, 126 Tenn. 380 (149 S. E. 1060; 47 L. R. A. (N. S.) 232, and note); 21 R. C. L. 895, 896. If the employer is in fact merely an agent and acts with the authority of an undisclosed principal, either he or such principal may be held liable at the election of the opposite party; but the contractual liability of such agent and principal is not joint, and, after an election to proceed against one, the other cannot be held. *Wylly* v. *Collins*, 9 *Ga.* 223, 239; *Lippincott* v. *Behre*, 122 *Ga.* 543 (3), 545 (50 S. E. 467); *Fontaine* v. *Eagle & Phenix Mfg. Co.*, 52 *Ga.* 31, 33; *Commercial City Bank* v. *Mitchell*, 25 *Ga. App.* 837 (2) (105 S. E. 57). If in point of fact the employer has acted without or beyond the authority of an alleged principal, he alone becomes personally liable (*Peeples* v. *Perry*, 18 *Ga. App.* 369, 373, 89 S. E. 461; *Haupt* v. *Vint*, 68 W. Va. 657, 70 S. E. 702, 34 L. R. A. (N. S.), 518, and case note); and even though he be acting in the capacity of agent and for the sole benefit of his principal, he may nevertheless by express undertaking bind himself personally. Civil Code (1910), § 3613; *Phinizy* v. *Bush*, 129 *Ga.* 479 (9), 492 (59 S. E. 259). (See also on the general question of liability of the employer or beneficiary for attorney's fees: *Daly* v. *Hines*, 55 *Ga.* 470; *Simms* v. *Floyd*, 65 *Ga.* 719 (2); *Mathews* v. *Giles*, 108 *Ga.* 364 (33 S. E. 1006); 40 Cyc. 2837, 2838; 6 Corpus Juris, 732, 734; 2 Ruling Case Law, 1032). Thus, under either of the foregoing principles, the petition was not subject to demurrer as failing to allege the

names and interests of beneficiaries other than defendants, or the shares of stock represented by certain of the defendants in addition to their own shares in the corporation, or as showing liability by beneficiaries other than defendants; nor was it subject to the special ground that only the corporation was liable for the alleged service in preparing new corporate by-laws, since there are allegations which may be taken as indicating that such preparation was directed by the defendants for their own benefit.

4. While in this State a voting trust is illegal (*English* v. *Rosenkrantz*, 152 *Ga.* 726, 111 S. E. 198; *Morel* v. *Hoge*, 130 *Ga.* 625, 61 S. E. 487, 16 L. R. A. (N. S.) 1136, 14 Ann. Cas. 935), it is unnecessary to determine whether the alleged agreement by other stockholders in the corporation, as set forth in the petition, was thus unlawful, since, if the plaintiff's alleged successful attack, without litigation upon such agreement and conduct of those stockholders was authorized by and beneficial to the defendants, plaintiffs might recover the reasonable value of this item of service regardless of the legality of that combination. Nor can it be held, as matter of law, that the agreement of the defendants themselves as attached to the petition was itself such an illegal voting trust as would preclude plaintiffs' recovery of compensation for preparing that agreement or for attacking the agreement and actions of other stockholders. So far as indicated upon its face, the defendants' agreement appears to be only defensive in character and not such as is inhibited by law. Should the latter agreement be properly attacked by plea or answer as being thus illegal when taken in connection with sufficient other alleged facts and circumstances, the question thus raised would be for determination by the jury, unless the testimony be so clear and unequivocal that the trial court might construe the alleged agreement to be legal or illegal as matter of law.

5. The other grounds of special demurrer are without merit, except that the petition was subject to the 9th ground in failing to set forth what proportions of the total fee claimed were due for the respective items of service, and to itemize the amount charged as expenses. The defendants are reasonably entitled to have these items pleaded with particularity, in order to make their defenses.

6. The petition not being subject to general demurrer, or to any of the grounds of special demurrer save that just stated, the judgment of the court below is affirmed, but with direction that before the judgment of this court is made the judgment of the court below, the plaintiffs shall be allowed to amend their petition so as to cure the defects alleged in the 9th ground of the demurrer; and that upon their so doing the case stands for trial upon the petition as thus amended, but in the event of a failure so to do the judgment be unconditionally affirmed.

*Judgment affirmed, with direction. Stephens and Hill, JJ., concur.*

DECIDED MARCH 20, 1922.

Complaint; from city court of Floyd county — Judge Nunnally. June 4, 1921.

*Denny & Wright, Maddox & Doyal,* for plaintiffs.

*Porter & Mebane, M. B. Eubanks, C. N. Featherston,* for defendants.