15046.  KING *v.* LEWIS.
</div>

JENKINS, P. J. Lewis sued King in a justice's court, the cause of action as attached to the summons being, "For a reward of John Garling for $25.00." A verdict and judgment in favor of the plaintiff for the amount claimed was complained of in the defendant's petition for certiorari, upon the grounds (so far as now argued or insisted upon), that the verdict was contrary to law and the evidence, since the amount claimed as a reward for the return of an escaped convict was not a personal liability of the defendant, as he was the county warden of convicts and at the time of the alleged offer to the plaintiff only the agent of the county commissioners; that the plaintiff had made an election as to the party against whom he might proceed, by presenting his claim to the county commissioners; and that the plaintiff's cause of action was not upon a contract, but in tort, of which the justice's court did not have jurisdiction, for the reason that it was based partly upon the act of the defendant in going before the county commissioners and recommending that they should not pay the reward to the plaintiff. The certiorari was overruled. *Held:*

1. Looking to the summons, it appears that the plaintiff's action did not sound in tort, but rested upon an alleged promise by the defendant to pay personally a specified amount to the plaintiff, if he should return to the defendant a certain convict. The evidence is such as to likewise sustain this theory. While there was evidence that the plaintiff knew that the defendant was county warden at the time he made the offer, there is nothing to indicate that the defendant assumed to act as the authorized agent of the county authorities, while the evidence for the plaintiff was that the defendant told him, "if you will return him to the convict camp, I will pay you $25." Agents, even though duly authorized to act for their principals, may nevertheless "render themselves individually liable." Civil Code (1910), § 3613; *Willingham* v. *Glover*, 28 *Ga. App.* 394 (3) (111 S. E. 206).

2. Even if the plaintiff had a right of action on account of the alleged conduct of the defendant before the county commissioners, he had a right

to waive such a tort and to rely on the contract. *Williams* v. *George,* 104 *Ga.* 599 (3), 602 (30 S. E. 751). The fact that the superior-court judge, in affirming the judgment under the evidence and on this theory, may have also referred to the alleged tort as an additional reason why the defendant "had subjected himself to liability," would not afford a ground of reversal.

3. The fact that the plaintiff, before filing suit against the defendant, may have gone before the county commissioners to "see about" the payment of the reward, for the reason that they "usually paid the rewards for returned convicts," does not constitute such election as would thereafter bar a suit against the defendant on his alleged contract. *Board of Education* v. *Day,* 128 *Ga.* 156, 166 (57 S. E. 359); *Garrard* v. *Moody,* 48 *Ga.* 97 (2); note in 21 L. R. A. (N. S.) 786.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 19, 1924.

Certiorari; from Grady superior court—Judge Custer. September 6, 1923.

*M. L. Ledford, Jesse Gainey,* for plaintiff in error.

*C. F. Richter,* contra.