Mrs. Mildred LILLIBRIDGE, Appellant,

v.

Dr. Wells RILEY, Appellee.

No. 19958.

United States Court of Appeals Fifth Circuit.

April 19, 1963.

Rehearing Denied May 22, 1963.

Ernest Bostick, Smyrna, Ga., J. Milton Grubbs, Jr., Grubbs & Prosser, Marietta, Ga., for appellant.

Sam F. Lowe, Jr., Atlanta, Ga., for appellee.

Before JONES and BELL, Circuit Judges, and GROOMS, District Judge.

JONES, Circuit Judge.

On January 11, 1960, the appellant, Mildred Lillibridge, brought a malpractice action in the United States District Court for the Northern District of Georgia, against the appellee, Wells Riley, a practicing physician, asserting that Dr. Riley had negligently made an erroneous diagnosis and failed properly to treat her as his patient. The complaint alleged that Mrs. Lillibridge was a citizen of Ohio and that Dr. Riley was a citizen of Georgia. Diversity of citizenship was the asserted ground of federal jurisdiction. On October 5, 1961, Dr. Riley filed a motion to dismiss because of an absence of diversity of citizenship. The motion was granted on January 22, 1962. On April 8, 1962, Mrs. Lillibridge filed a new suit in the district court alleging the same cause of action as in her former complaint and stating that she had returned to and had re-established a residence in Ohio. During the pendency of the first action the Georgia statute of limitations[1] had run. Reliance was placed upon the Georgia Renewal Statute,[2] so called, to prevent the statute of limitations from being a bar. Dr. Riley again moved to dismiss. The district court, citing McFarland v. McFarland, 151 Ga. 9, 105 S.E. 596, and McClendon & Co. v. Hernando Phosphate Co., 100 Ga. 219, 28 S.E. 152, reached the conclusion that because of the absence of diversity the court had no jurisdiction of the first action and that it was a nullity and hence the renewal statute did not apply. The second action was dismissed as barred by limitations. Mrs. Lillibridge has appealed.

The authorities relied upon by the district court fully sustain the conclusion there reached. In order for the Georgia Renewal Statute to prevent the operation of the statute of limitations, the first suit must have been one in which the court had jurisdiction of the parties and of the subject matter. Brinson v. Kramer, 72 Ga.App. 63, 33 S.E.2d 41; Cutliffe v. Pryse, 187 Ga. 51, 200 S.E. 124; Southern Flour & Grain Co. v. Simmons, 49 Ga.App. 517, 176 S.E. 121; McFarland v. McFarland, supra; Ternest v. Georgia Coast & Piedmont Railway Co., 19 Ga.App. 94, 90 S.E. 1040; McClendon v. Hernando Phosphate Co., supra. The law as announced in these decisions seems to have been consistently adhered to in all of the Georgia decisions. And, of course, there can be no jurisdiction in a case based on diversity of citizenship where there is no diversity.

The judgment of the district court is free from error. It is

Affirmed.

---

1. Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year. Ga.Code 1933 § 3–1004.

2. If a plaintiff shall be non-suited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section. Ga.Code § 3.808.