## CAREY *et al. v.* FOWLER *et al.*

ATKINSON, J. This was an action for the recovery of land. There was no dispute as to the law applicable to the facts of the case. The controversy was as to what were the facts. The charges complained of as being not appropriate to the case were not erroneous for this reason. When the excerpts from the charge which are assigned as error are read in the light of the entire charge and all of the evidence, if any error at all was committed, the error was not prejudicial to the losing party. The evidence though conflicting authorized a verdict in favor of the plaintiffs, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided December 20, 1906.

Complaint for land.    Before Judge Lewis.    Greene superior court.  December 27, 1905.

*James B. & Noel P. Park,* for plaintiffs in error.

*James Davison,* contra.

---

## KIGHT *v.* WRIGHTSVILLE AND TENNILLE RAILROAD COMPANY.

1. When goods which have been received by a railroad company for transportation to a given station on its line of road, and delivery there to the consignee of the same, reach their destination and are there deposited by the company in its freight warehouse, for safe-keeping until delivered to such consignee, the general rule is that the responsibility of the company as a common carrier ceases and its liability as a warehouseman begins. Civil Code, § 2279; *Southwestern R. Co.* v. *Felder,* 46 *Ga.* 433; *Western & Atlantic R. Co.* v. *Camp,* 53 *Ga.* 596; *Almand* v. *Georgia Railroad Co.,* 95 *Ga.* 775; *Georgia & Alabama Ry.* v. *Pound,* 111 *Ga.* 6.

2. Nothing alleged in the petition in the present case takes it out of this general rule.

3. If, as alleged in the petition, the defendant railroad company, in accordance with its "universal and unbroken custom," at the station to which it transported the goods, collected the freight charges from the plaintiff "on three of said shipments of freight, and then and there agreed to safely store and keep said freight in" its warehouse at that point "until such time as the same might be called for and receipted for by petitioner," and under this arrangement "the defendant company had possession of all the" plaintiff's goods embraced in such shipments "when the same were destroyed by fire" which consumed its warehouse, the duty which the company owed to the plaintiff, relatively to such goods, was that of a warehouseman, and not that of a carrier.

4. Even if, under this allegation, the duty of the railroad company in respect to such goods was that of a warehouseman for hire, rather than

that of a gratuitous bailee, it would not be liable in damages for the loss of such property, unless the loss was the result of its failure to exercise ordinary care and diligence for the protection of the same. **Civil Code, §§2928, 2930.**

5. Where in a suit to recover damages of the defendant, sustained by the plaintiff in consequence of the destruction of his goods by fire, while stored in defendant's warehouse, a paragraph of the petition alleges that the destruction of such goods "was the result of the want of ordinary care and diligence on the part of the defendant," but does not allege how the defendant was negligent, a special demurrer to such paragraph, upon the ground that it fails to set forth any act of negligence on the part of the defendant which occasioned the destruction of plaintiff's goods, is properly sustained, when no offer is made to cure, by amendment, the defect thus pointed out. The rule would be otherwise, under the Civil Code, §2930, if this were a suit against a warehouseman for hire, for failure, upon demand, to deliver goods which had been stored with him by the plaintiff.

6. With such paragraph stricken, the petition failed to set forth a cause of action; and therefore the general demurrer thereto was properly sustained.

*Judgment affirmed. All the Justices concur, except Evans, J., disqualified.*

Submitted July 18, — Decided December 20, 1906.

Action for damages. Before Judge Faircloth. City court of Dublin. December 8, 1905.

*W. C. Davis* and *J. S. Adams,* for plaintiff.

*Daley & Bussey* and *Peyton L. Wade,* for defendant.

---

## LIVINGSTON *v.* OGLETREE.

LUMPKIN, J.  1. This being the first grant of a new trial, and the evidence not demanding the verdict, there was no abuse of discretion on the part of the presiding judge in making such grant.

2. The companion case to the present one is that of *Ogletree* v. *Livingston,* 125 *Ga.* 548, involving substantially the same facts, and in which it was held that there was no abuse of discretion in the first grant of a new trial to the brother of the present plaintiff in error.

*Judgment affirmed. All the Justices concur.*

Submitted July 18, — Decided December 20, 1906.

Complaint for land. Before Judge Reagan. Muscogee superior court. September 16, 1905.

*T. T. Miller* and *J. L. Willis,* for plaintiff in error.

*J. H. Martin* and *A. W. Cozart,* contra.