9906.   MAY BROTHERS INCORPORATED *et al.* v. SROCHI.

1. Grounds of the motion for a new trial which are not referred to in the brief of counsel for the plaintiff in error will be treated as abandoned.

2. Exceptions in which it is contended that in the plaintiff's petition a recovery was sought only for mental pain and suffering, and not for a physical injury, are without merit. The petition shows clearly that she sued on account of an assault and battery, praying for compensation for the injuries inflicted, and, by reason of certain aggravating circumstances, praying also for exemplary damages.

3. The exception that the judge in charging the jury failed to set forth fully and fairly the contentions of the defendants, and "charged at much length and with greater detail the contentions of the plaintiff," is without merit. The greater length of his statement of the plaintiff's contentions does not indicate that undue stress was laid upon or undue prominence given to them.

4, 5. Although the defendant's answer denied the plaintiff's allegation that in the acts in question the defendant Harry May acted as agent of the defendant corporation, yet as there was no evidence to sustain this denial, and it was shown by the testimony of Harry May that at the time of the alleged acts he was an officer of the corporation and in charge of its place of business, it is not cause for a new trial that the court, in the absence of a request to charge the jury as to the law governing the responsibility of a principal for the acts of an agent, omitted to charge on that subject, or that the court charged on the assumption that the act of Harry May in ordering the plaintiff out of the place of business was an act of the corporation.

6. Viewed in the light of the entire charge to the jury, the exception to a part of it, on the ground that the defendant corporation was operating a private business as distinguished from a public utility, and had a right to order the plaintiff out of its place of business, regardless of her belief or state of mind when she entered the place and regardless of the nature and manner of her questions, is not meritorious.

7. The rule that grounds of a motion for a new trial which are incomplete and can not be understood without reference to another part of the record are not in proper form for consideration applies to the ground

that the court erred in charging as follows: "These are the contentions of the parties. If the plaintiff's theory is correct, she is entitled to recover."

8. As the defendants were sued as joint tort-feasors, and the evidence showed conclusively that if there was any liability they were liable jointly and not separately, there was no harmful error in the charge of the court as to the form of the verdict.

DECIDED NOVEMBER 8, 1918.

Action for damages; from Fulton superior court—Judge Pendleton. May 15, 1918.

Mrs. Srochi sued May Brothers Incorporated and Harry May, "an officer, agent, and employee of said corporation," "as joint tort-feasors." The petition alleges in substance that the defendants injured and damaged the plaintiff in the sum of $5,000, by reason of the following facts: The plaintiff left with the defendant corporation two earrings, with direction that two diamonds be taken out of them and placed in a finger-ring, and on a subsequent day went to the defendant's place of business to get the ring. The defendant corporation, through defendant Harry May, delivered to her a ring which he represented to her to contain the diamonds originally in her earrings, and she paid for it and left the place. On examination of the ring she was not satisfied that the diamonds in it were those originally in her earrings, and she had them examined by a jeweler, who reported that one diamond was defective and that one was smaller than the other. The diamonds in her earrings were not defective and were of the same size. She went back to the defendant's place of business and asked if it was not possible that the jeweler who had placed the diamonds in the ring had made a mistake and put in the wrong stones. Defendant Harry May immediately grabbed her by her arm, jerked her towards the door, cursed her, and told her to "get out" of there, holding the door open and yelling at her in a loud voice. She was thus ejected from the defendant's premises forcibly, with insults and curses. This language was used and this conduct occurred in the presence and hearing of third persons, who witnessed her humiliation by reason of this treatment. There was no reasonable cause or provocation for such treatment. "Said assault and battery arose out of and in connection with the business of defendant corporation, which defendant May, as its agent, had authority to transact." Plaintiff was greatly humiliated, shamed, and mortified, and her feelings deeply hurt by reason of

defendant's unprovoked assault. She "prays for compensation for the injuries and damages wrongfully inflicted upon her by defendants as set forth hereinbefore, and also, by reason of the aggravating circumstances hereinbefore set forth in the acts and intentions of defendants, petitioner prays for punitive or exemplary damages as provided by law."

The trial resulted in a verdict in favor of the plaintiff for $500. The defendants made a motion for a new trial, which was overruled, and they excepted.

Cited in the brief for plaintiffs in error, as to their right to require the plaintiff to leave their place of business: Cooley on Torts, Chap. 10, subtitle "Implied licenses;" 17 Ruling Case Law, 566; Breitenbach v. Trowbridge, 64 Mich. 393 (8 Am. State R. 830, 31 N. W. 402); Woodman v. Howell, 45 Ill. 367 (92 Am. Dec. 221).

*Albert E. Mayer,* for plaintiffs in error.
*William A. Fuller, Troutman & Troutman,* contra.

WADE, C. J. 1. The general grounds of the original motion for a new trial, and grounds 1 and 9 of the amendment to the motion, not being referred to in the briefs of counsel for the plaintiffs in error, will be treated as abandoned.

2. It is complained in ground 2 of the amendment to the motion for a new trial that the verdict is contrary to law because the plaintiff in her petition seeks to recover only for mental pain and suffering, and not for any physical injury. This exception is without merit, since the petition (paragraphs 10 and 11) shows clearly that the plaintiff sued for an unprovoked assault and battery, praying "compensation for the injuries inflicted," and, by reason of certain alleged aggravating circumstances, asked for punitive or exemplary damages. See Civil Code (1910), §§ 4422, 4503; *Berkner* v. *Dannenberg,* 116 *Ga.* 954 (43 S. E. 463, 60 L. R. A. 559). This ruling applies also to ground 7, as to the charge of the court.

3. It is complained that the judge in charging the jury failed to set forth fully and fairly the contention of the defendants. whereas he "charged at much greater length and with greater detail the contentions of plaintiff." This exception is likewise without merit. "In the instruction given the court stated the contentions of the parties fairly and with sufficient clearness and

fullness. The mere fact that the contentions of the plaintiff were stated at more length than those of the defendant did not indicate that undue stress was laid upon, or undue prominence given to, the former. *Millen &c R. Co.* v. *Allen,* 130 *Ga.* 656 (61 S. E. 511)." *Phinizy* v. *Bush,* 135 *Ga.* 678 (3) (70 S. E. 243). See also *Atlanta Con. St. Ry. Co.* v. *Bagwell,* 107 *Ga.* 157 (33 S. E. 191).

4. Error is assigned on the following excerpt from the charge of the court, as to contentions of the defendants: "They say the diamonds were brought there and that they were employed to change them into a ring, and that they did change them into a ring, and that subsequently the plaintiff came back and in an offensive manner charged them with intentionally substituting the diamonds, that the diamonds were those that she had left, and that this was maliciously false, and that they ordered her out of their place of business, but did not touch her and did not use any opprobrious language to her." It is alleged that this was error, because "nowhere in their answer, nor in their testimony, do the defendants set up that defendant Harry May was acting within the scope of his employment, or was acting as agent for defendant May Brothers Inc., when he ordered the plaintiff out of the place of business of May Brothers Inc.," and that the court's statement of contentions was so worded as to convey the meaning that the defendants admitted that the act of Harry May was the act of the defendant corporation. This exception is fully answered by the testimony of Harry May, which shows clearly that he was in the place of business of the defendant corporation, transacting the business of the corporation, and acting within the scope of his employment, when the alleged assault and battery was committed.

5. The 10th ground assigns error in that "the court nowhere in its charge instructed the jury as to the law governing principal and agent, nor as to the law governing the responsibility of a principal for the acts of his agent." The movants contend that the omission so to charge the jury was error for the reason that the petition alleges that the acts of the defendant Harry May were committed by him as agent of the defendant May Brothers Inc., and that this allegation was expressly denied by the answer. There is no merit in this exception. Although it is true that the defend-

ants' answer denied the allegation as to agency, no evidence whatever was submitted to sustain such deniel, but, to the contrary, the only reasonable and intelligent construction that can be placed on the testimony of the defendant Harry May is that, at the time of the alleged controversy, he was an officer of the defendant corporation, in charge of its place of business, and therefore its lawfully constituted agent to transact the business of the corporation. Under these circumstances it was at least incumbent upon the defendants to request in writing a proper charge upon the subject of agency, before it could be said that an omission to charge was reversible error.

6. Error is assigned upon the following excerpt from the charge: "If the plaintiff's contention in the case is correct, and she believed that the diamonds she had left were not the ones that were returned to her, she had a right to go to the defendant's place of business and ask them, in a proper manner, if it were possible that a mistake had occurred, and if she went in a proper manner and asked them if it were not possible that a mistake had occurred, and did not charge them with intentionally having substituted the diamonds, she had a right to do that; and if she did that and nothing more, they had no right to order her out of the place of business, and had no right to touch her." The exception taken to this excerpt is that it was erroneous "because defendant. May Brothers Inc. were operating a private business, as distinguished from a public utility, and that they had the right to order plaintiff out of their place of business, regardless of the belief or state of mind of plaintiff when she entered the place of business of May Brothers Inc., and regardless of the nature and manner of her questions." This contention is without merit when viewed in connection with the particular facts of the case and with the entire charge, as the language of the excerpt was followed immediately by instructions that "If they put their hands on her, any physical touch on her, that was an assault and battery, was a physical injury for which she would have a right to recover. If the plaintiff's contention is not true, and if it be true that she went back and in an offensive manner charged them with intentionally substituting the diamonds and that was not true, that they had not substituted the diamonds, they had a right to order her out of the place of business, and if she did not go they had a

right to use such force as was necessary to put her out; but if she did not decline to go, they had no right to touch her or use any force, although she might have been offensive to them. They had no right to use force unless she declined to go after they had ordered her to go. If this charge was true and they had made a mistake and substituted the diamonds, they had no right to order her out; she had a right to ask them if they had made a mistake, provided she did it in a proper manner, without any charge that they had intentionally substituted the diamonds."

7.  Ground 6 of the motion for a new trial complains that the court erred in charging the jury as follows: "Those are the contentions of the parties. If the plaintiff's theory is correct, she is entitled to recover." This ground is incomplete and can not be understood, standing alone and without reference to other parts of the charge. A ground which is not complete and understandable without examination of the charge of the court is not in proper form for consideration. *Brown* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4), 160 (91 S. E. 32).

8.  It is complained that the court erred in charging the jury as follows: "If you find for the plaintiff, she would have a right to recover against both the defendants, and if you find that she is not entitled to recover, the form of your verdict would be: 'We, the jury, find for the defendants;'" the error assigned being that where, as in this case, there are joint defendants, it is error to charge the jury without qualification that the plaintiff, if she recovers, can recover against *both* defendants. This charge, if error at all, was harmless, since the action was against two defendants as joint tort-feasors, and the evidence adduced on the trial shows conclusively that the defendants, if liable, would be liable jointly and not separately.

     *Judgment affirmed. Jenkins and Luke, JJ., concur.*