### 16526.  DAVIS *v.* MENEFEE.

JENKINS, P. J.  The industrial commission made an award for permanent injury in favor of Menefee, against Davis.  On appeal to the full commission the award was sustained.  It appears that the work being done was improving certain real estate belonging to the wife of Davis, for which the husband assumed responsibility.  The commissioner and the commission held that the work was being done for Davis, and that he was subject to the operation of the employer's

liability act. Davis filed an appeal to the superior court, where the award was affirmed on all grounds except that the case was remanded to the industrial commission for another hearing on the sole question of whether or not the work was being done for Davis by Calhoun, an independent contractor, or whether Menefee and Calhoun were both employees of Davis. On this hearing before the commissioner the only evidence submitted was that regarding independent contractorship and how and by whom Menefee was employed. The commission again made an award in favor of Menefee against Davis, finding that Calhoun was not his independent contractor, but that both Menefee and Calhoun were employees of Davis. On the second appeal to the superior court the award of the commission was sustained, and to this judgment the defendant excepted, contending (1) that Davis was the mere agent for his wife in the improvement of her property, and could not be held liable under the proceeding instituted, and (2) that the evidence showed that the work was being done not by Davis, but by Calhoun as an independent contractor. *Held*:

1. There is no merit in the first contention made. "If the employer is in fact merely an agent and acts with the authority of an undisclosed principal, either he or such principal may be held liable at the election of the opposite party; but the contractual liability of such agent and principal is not joint, and, after an election to proceed against one, the other can not be held. *Wylly* v. *Collins*, 9 *Ga.* 223, 239; *Lippincott* v. *Behre*, 122 *Ga.* 543 (3), 545 (50 S. E. 467); *Fontaine* v. *Eagle & Phenix Mfg. Co.*, 52 *Ga.* 31, 33; *Commercial City Bank* v. *Mitchell*, 25 *Ga. App.* 837 (2) (105 S. E. 57). If in point of fact the employer has acted without or beyond the authority of an alleged principal, he alone becomes personally liable (*Peeples* v. *Perry*, 18 *Ga. App.* 309, 373, 89 S. E. 461; *Haupt* v. Vint, 68 W. Va. 657, 70 S. E. 762, 34 L. R. A. (N. S.), 518, and case note); and even though he be acting in the capacity of agent and for the sole benefit of his principal, he may nevertheless by express undertaking bind himself personally. Civil Code (1910), § 3613; *Phinizy* v. *Bush*, 129 *Ga.* 479 (9) (59 S. E. 259)." *Willingham* v. *Glover*, 28 *Ga. App.* 394 (3), 396 (111 S. E. 206).

2. The proved facts and circumstances authorized the finding by the commissioner that the work was not being done by Davis through an independent contractor, but that Davis retained the direction and control of the work and that Calhoun was acting merely as foreman and co-employee with the plaintiff, Menefee. This is true irrespective of any consideration of hearsay evidence. That certain hearsay evidence might have been admitted over defendant's objection will not justify setting aside the finding in such a hearing which the statute provides "shall be as summary and simple as reasonably may be." Park's Code, § 3154 (aaa). The grounds on which the finding of the commission can be set aside are stated by the statute to be five grounds, as follows: "(1) That the industrial commission acted without or in excess of its powers. (2) That the order or decree was procured by fraud. (3) That the facts found by the industrial commission do not support the order or decree. (4) That there is not sufficient competent evidence in the

record to warrant the industrial commission in making the order or decree complained of or, (5) That the order or decree is contrary to law. No order or decree of the industrial commission shall be set aside by the court upon any grounds other than one or more of the grounds above stated. If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree or decision of the commission so appealed from." Park's Code, § 3154(ggg). As to whether such hearsay evidence might even have probative value in such a proceeding, see Stonega Coke &c. Co. *v.* Sutherland, 136 Va. 489, (188 S. E. 133); American Furniture Co. *v.* Graves, 141 Va. 1 (126 S. E. 213); Carrol *v.* Knickerbocker Ice Co., 171 App. Div. 970 (155 N. Y. Supp. 1097). *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 16, 1926.

Appeal; from Fulton superior court—Judge Bell. April 11, 1925.

*J. A. Noyes, Candler, Thomson & Hirsch,* for plaintiff in error. *James E. Berman,* contra.