19810.    STANDARD OIL COMPANY *v.* PARRISH.

</div>

JENKINS, P. J. 1. "It is the right and duty of the presiding judge to state to the jury the several contentions between the parties, the only restriction being that he shall state them fairly to each side." *City & Suburban Ry.* v. *Finley,* 76 *Ga.* 311 (3) ; *May* v. *Srochi,* 23 *Ga. App.* 33 (3), 35 (97 S. E. 277). In the instant case it can not be said that the action of the trial judge in reading to the jury the entire declaration of the plaintiff, consisting of several pages of typewritten matter, and then

reading to the jury the entire answer of the defendant, which was very short, consisting of four paragraphs, the first admitting the first, second, and third paragraphs of the petition, the second neither admitting nor denying the fourth and fifth paragraphs of the petition, for want of information, the third denying the remaining paragraphs of the petition, and the fourth setting up negligence on the part of the plaintiff, was an unfair statement of the contentions of the parties; or that the failure, in reading the plaintiff's declaration, to separate it into paragraphs, so that the jury might know which particular allegations were admitted by the answer, which were denied, and which were neither admitted nor denied, rendered the statement an unfair one. The jury were instructed that it was their duty to familiarize themselves with the written pleadings in order to ascertain just what. the issues formed by the pleadings were.

2. The action of the court in saying in the charge to the jury, "You will notice that the plaintiff seeks to recover the sum of $40,000," and that the jury would not be authorized to allow a larger amount, "for the reason" that "you are circumscribed by the written pleadings," while not altogether proper, could not reasonably be said to have been . prejudicial to the defendant, in view of the instruction which immediately followed it, that if the jury found the plaintiff was entitled to recover, they would be authorized to allow "the full amount, part of the amount, or whatever amount you may think the plaintiff is entitled to recover, under the rules of law and the evidence adduced upon the witness stand,—that is, if you believe he is entitled to recover anything," and that if they believed the plaintiff was not entitled to recover any amount, it would be their duty to bring in a verdict in favor of the defendant.

3. While in a case where the right of a plaintiff to recover in an action for personal injuries is dependent upon proof of wilfulness and wantonness on the part of the defendant, as in a case where the only duty owing by the defendant to the plaintiff is not to wilfully and wantonly injure him, it is necessary that the plaintiff allege and prove that his injury resulted from such conduct on the part of the defendant, still, in a case where the duty resting upon the defendant is that of exercising ordinary care to avoid injury to the plaintiff, no such allegation and proof is necessary, and the mere fact that the plaintiff may, in his declaration, characterize the alleged negligence of the defendant as "gross, wanton, wilful and criminal," will not operate to change the rule so as to put upon the plaintiff the burden of showing a wilful and wanton injury, where the facts alleged constitute mere negligence on the part of the defendant. *Western Union Telegraph Co.* v. *Harris*, 6 *Ga. App.* 260 (2), 262 (64 S. E. 1123); *Dowman-Dozier Mfg. Co.* v. *Central of Ga. Ry. Co.*, 29 *Ga. App.* 187 (114 S. E. 815). Accordingly, the court did not err in instructing the jury with reference to the duty of the defendant to exercise ordinary care to avoid injuring the plaintiff, nor was it error to state to the jury the rule of diminution of damages in case they found that both the plaintiff and defendant were at fault, but the negligence of the plaintiff did not amount to a lack of

816

ordinary care for his own safety, the plaintiff might recover, but the amount of the recovery should be reduced in proportion to the amount of default attributable by the jury to the plaintiff.

4. For personal injuries to a child of twelve years, including an alleged permanent injury, where no recovery is sought on account of diminished earning capacity, and no proof of earning capacity is offered, the law furnishes no measure of damages other than the enlightened conscience of impartial jurors guided by all the facts and circumstances of the particular case. *Western & Atlantic R. Co.* v. *Young*, 81 *Ga.* 397 (4) (7 S. E. 912, 12 Am. St. R. 320); *Davis* v. *Central Railroad*, 60 *Ga.* 329 (4); *Atlanta &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (2) (49 S. E. 818); *Betts Co.* v. *Hancock*, 139 *Ga.* 198 (9), 207 (77 S. E. 77). Accordingly, the charge of the court which instructed the jury substantially in accordance with the foregoing rule was not subject to the criticism made of it, that a separate measure should have been given the jury for ascertaining damages to the plaintiff on account of any permanent injury. Nor was such charge error as being unauthorized by the evidence, in view of the testimony to the effect that the plaintiff was hampered in walking, and in the use of one leg, being left with a limp which the jury could have found was the result of the injury, and which, according to the testimony of a physician, might be permanent. Nor was such charge subject to the criticism that the reference to the plaintiff as "a child of the age" alleged to be the age of the plaintiff overemphasized the youth of the plaintiff, since there was no dispute that the plaintiff was twelve years old at the time of the injury, and thirteen years old at the time of the trial.

5. The 11th, 12th, and 13th grounds of the motion complain that the court charged certain entire sections of the act of 1921 regulating the use of automobiles, as modified in certain respects by the act of 1927. While portions of the statute read to the jury were inapplicable to the pleadings and the facts, the remaining portions were properly given in charge, and it does not appear that the reading of the entire sections could have misled the jury. *Central of Ga. Ry. Co.* v. *Barnett*, 35 *Ga. App.* 528 (3), 534 (134 S. E. 126).

6. The assignment of error, "because the verdict is excessive," amounts to nothing more than an amplification of the general grounds. *Bart* v. *Schneider*, 39 *Ga. App.* 467, 468 (147 S. E. 430).

7. The verdict is authorized by the evidence, and for no reason assigned can it be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 25, 1930.

818

*Anderson, Cann & Cann, Pollle & Hofmayer,* for plaintiff in error.

*Perry & Tiplon, E. L. Smith,* contra.