30942. ROBERTS *v.* BURNETTE.

Decided September 7, 1945.

*E. W. Maynard, J. Millard Jackson,* and *S. G. Jones,* for plaintiff.

*Miller & Miller,* for defendant.

FELTON, J. All other prerequisites to authorize an award in favor of the claimant being present and determined by the single director, as they were not in dispute at the hearing, whether or not there was sufficient evidence that the claimant was employed by the defendant as his own employee to authorize an award for the claimant, will not work a reversal of the single director's award in favor of the claimant, under the facts of this case. There is sufficient evidence in the record to establish conclusively the facts that the defendant hired the claimant, acting as agent for his son, and that the fact of this agency was not disclosed. The claimant under these circumstances could elect to proceed against either the agent or the principal, when the principal was made known. The

claimant has elected to proceed against the agent, J. H. Burnette Sr. The claimant was not told at the time of his employment that he was to be the employee of J. H. Burnette Jr., nor were certain other of the employees so informed. We conclude, therefore, that, if Burnette Sr., did not employ the workers for his own work, he acted as agent for Burnette Jr., with the fact of the agency undisclosed. It is well established under the common law that, where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it, and one who performs personal services at the request of the agent, who fails to disclose his principal for whom the request is made, may recover from the agent, where he so elects, or he may proceed against the principal, when made known, should he not elect to proceed against the agent. In Georgia it has been held that this common-law doctrine of principal and agent is applicable under the workmen's compensation acts. *Davis* v. *Menefee,* 34 *Ga. App.* 813 (131 S. E. 527), wherein it was held that, where an employee of an agent with an undisclosed principal is injured, the injured employee may at his election proceed against either the principal or the agent, but, having elected to proceed against one, he may not thereafter proceed against the other. This holding has the support of numerous decisions from other jurisdictions. See Scott *v.* Hankinson, 205 Mich. 353 (171 N. W. 489); Mobile Liners Inc. *v.* McConnell, 220 Ala. 562 (126 So. 626); Cowell *v.* Industrial Accident Commission, 11 Cal. 2d, 172 (78 Pac. 2d, 1016); Zurich General Accident &c. Ins. Co. *v.* Caverly, 99 Cal. App. 767 (279 Pac. 473); and see also the cases cited in Schneider's Workmen's Compensation, p. 616, § 232. Burnette Sr. did not disclose that he acted for his son, J. H. Burnette Jr., in hiring the claimant; through his general foreman, Bentley, he maintained control of the sawmill and the employees there; he employed more than ten workers regularly so as to give jurisdiction of the case to the State Board of Workmen's Compensation; so that under this undisputed state of facts an award in favor of the claimant was demanded. The court erred in setting aside the award, and in remanding the case to the board for a hearing de novo.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*