36013. WASHBURN STORAGE COMPANY *v.* ELLIOTT.

36014. WASHBURN STORAGE COMPANY *v.* ELLIOTT, for use, etc., *et al.*

TOWNSEND, J. 1. While an action in tort may arise from the negligent omission or violation of a duty created by contract, nevertheless, where no negligence is alleged and the breach complained of is nothing more than the failure of the defendant to perform an obligation constituting one of the terms of the contract, such action must be construed as being ex contractu. *Atlanta Gas Light Co.* v. *Newman,* 88 *Ga. App.* 252 (1) (76 S. E. 2d 536).

2. In a suit on a contract an agent cannot be joined as codefendant for the purpose of enforcing the terms of the contract made on behalf of the principal by the authorized agent acting solely in his representative capacity. *Commercial City Bank* v. *Mitchell,* 25 *Ga. App.* 837 (2) (105 S. E. 57).

3. One who is in fact merely an agent and acts with the authority of an undisclosed principal may at the election of the opposite party be held as the principal therein, but the contractual liability of such undisclosed agent and his principal is not joint, and the injured party must elect against whom he desires to proceed. Code § 4-305; *Davis* v. *Menefee,* 34 *Ga. App.* 813 (1) (131 S. E. 527). Accordingly, the petition here, which alleges facts showing that the plaintiff contracted with the plaintiff in error, Washburn Storage Company, as a principal, but that such company was in fact the undisclosed agent of the codefendant, states a cause of action against the latter on the theory of undisclosed agency for breach of the bailment contract, but the petition is subject to the special demurrers interposed on the ground of misjoinder of parties defendant.

4. No joint right of action against the defendant jointly is authorized under the Carmack Amendment to the Hepburn Act (49 U. S. C. A. § 20), on the theory that the defendants are connecting carriers, since the allegations of the petitions affirmatively show that the goods were moved from New York, the point of origin, to Atlanta, the terminal point, in trucks of the codefendant United Van Lines, Inc., and by it delivered to the plaintiff in error for purposes of storage only for a period of approximately four months until called for. Under this state of facts the actual possession of the goods by the plaintiff in error was in its capacity as warehouseman rather than that of connecting carrier. Code § 18-306; *Kight* v. *Wrightsville & Tennille R. Co.,* 127 *Ga.* 204 (1) (56 S. E. 363).

The trial court erred in overruling the demurrers to the petitions on the ground of misjoinder of parties defendant, and in not compelling the plaintiffs to elect as to which defendant they would proceed against.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 20, 1956—REHEARING DENIED FEBRUARY 3, 1956.

*Smith, Field, Doremus & Ringel, James L. Flemister,* for plaintiff in error.

*Northcutt & Edwards, W. S. Northcutt, Edwin R. Johnston,* contra.