37801.   RAGSDALE *v.* DUREN.

DECIDED OCTOBER 2, 1959.

292

*Walter B. Fincher,* for plaintiff in error.

*Robert T. Efurd,* contra.

QUILLIAN, Judge. ■ It appears from the evidence that on December 11, 1956, the defendant, Mr. Ragsdale, on the recommendation of a friend, Mr. Carlton H. Vaughn, contacted the plaintiff by telephone and had the plaintiff perform eleven hours of "loader" work on the same property which is involved in the present suit. For the loader work the defendant paid the plaintiff $128.37, using a "P and B Corporation" check, which the plaintiff endorsed and cashed. The plaintiff met Mr. Ragsdale, the defendant, on the first job which was performed at Mr. Ragsdale's request. On February 14, 1957, the defendant again contacted the plaintiff by telephone and requested that he perform the work and furnish the material for which the present suit is brought, which was on the same premises as the first

work performed by the plaintiff. The plaintiff agreed to perform the work and furnish the material and the job was completed on March 11, 1957. The plaintiff introduced in evidence his records of the work done and the material furnished on each day specified and swore that he, of his own knowledge, knew that the records were true and correct. The plaintiff denied that he had ever been engaged at any time to perform any work or furnish any material to any corporation, and the defendant admitted on the stand that he had never stated or intimated to the plaintiff that he was engaging him to perform any work or furnish any material for a corporation. Under this evidence, we think that the verdict returned by the jury was amply authorized as it is the duty of an agent to disclose his agency to a third person with whom he deals in order to avoid personal liability. *Roberts* v. *Burnette,* 72 *Ga. App.* 775 (35 S. E. 2d 201); *Davis* v. *Menefee,* 34 *Ga. App.* 813 (131 S. E. 527). The position that the verdict is amply authorized by the evidence is further fortified under a proper construction of the defendant's own evidence, that is, most strongly against him (*Haygood* v. *Bell,* 42 *Ga. App.* 602, 157 S. E. 239), as it appears that the defendant while on the stand stated: "The substance of his [the plaintiff's] testimony is more or less accurate about sworn conversations."

■ Special ground 4 complains of the admission of the plaintiff's testimony showing the manner in which his books were kept and how information concerning the charges therein referred to was obtained. The objection to the evidence was that no foundation had been laid for the plaintiff to testify from his books. The objection is obviously without merit since the testimony related entirely to the method of the plaintiff in keeping his books.

An additional objection to the evidence was that the plaintiff did not testify that the books were kept in the regular course of his business. The objection is without merit because the substance of the plaintiff's testimony was that the books were kept in the regular course of his business and he made the entries therein daily following the work performed covered therein by the entry.

■ Special ground 5 assigns error on the admission in evidence

of certain exhibits which are clearly shown to have been taken from the plaintiff's books kept in accordance with Code (Ann.) § 38-711. The evidence was admissible and the ground otherwise shows no error.

■ Special ground 6 complains that evidence was excluded tending to show that, long after the account was contracted, the defendant resigned as secretary-treasurer of the corporation in whose name he professed on the trial to have acted in contracting the account. The defendant admitted when sworn as a witness that, when ordering the material and work comprising the account on which the present suit is brought, he did not disclose to the plaintiff that he was the agent of the corporation or disclose to the plaintiff any fact that would inform him that anyone except the defendant would be liable for the account. Hence the evidence offered was objectionable as being in the nature of hearsay and irrelevant to the issues of the case on trial.

■ Special ground 7 complains that the court should have charged the jury without request several propositions of law. Some of the principles of law requested did not comport with the pleadings and proof in the case and, had the judge given the desired instructions, it obviously would have been error. See in this connection *Western Union Tel. Co.* v. *Owens*, 23 *Ga. App.* 169 (5) (98 S. E. 116); *Thompson* v. *O'Connor*, 115 *Ga.* 120 (5) (41 S. E. 242).

■ Special ground 8 assigns error on the charge as a whole on the ground that the court went more into detail in stating the plaintiff's contentions than in stating the defendant's contentions. This ground is without merit. *Phinizy* v. *Bush*, 135 *Ga.* 678 (3) (70 S. E. 243); *Millen &c. Railroad* v. *Allen*, 130 *Ga.* 656 (61 S. E. 541); *May Bros., Inc.* v. *Srochi*, 23 *Ga. App.* 33 (3) (97 S. E. 277).

■ In special ground 9 it is alleged, "the movant, Ragsdale, avers and contends that the trial judge erred in his failure to charge the jury substantially that they must find that from the evidence in the case that the plaintiff performed the work according to his testimony, and the other evidence in the case, on the property that the defendant requested him to do the work on, and not on some other property."

The defendant accepted from the plaintiff the work and material making up the account on which suit is brought, without complaint that the work and material should have been furnished at some other place; furthermore, while there was some confusion in the evidence as to the address of the place where the work and material were to be furnished, there was no dispute between the parties, or conflict in the evidence, that the work was not done and the materials not furnished at the place contemplated by the parties in making the agreement. Therefore, as the defendant admitted that the plaintiff had performed the work and furnished the material contracted for by the plaintiff, the plaintiff could not have been damaged by the court's failure to charge as alleged above. There is, consequently, no merit in this ground.

It was not error to deny the amended motion for new trial for any reason assigned.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*