### 41368.   BROWN-WRIGHT HOTEL SUPPLY CORPORATION v. BAGEN.

DECIDED SEPTEMBER 21, 1965.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harold E. Abrams, Albert C. Tate, Jr.,* for plaintiff in error.

*Robert Carpenter, Harold Karp,* contra.

BELL, Presiding Judge. "Where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it"; and one who deals with an agent who fails to disclose his principal "may recover from the agent, where he so elects, or he may proceed against the principal, when made known, should he not elect to proceed against the agent." *Roberts v. Burnette,* 72 Ga. App. 775, 777 (35 SE2d 201). See also: *Wylly v. Collins,* 9 Ga. 223, 239; *Lippincott v. Behre,* 122 Ga. 543 (50 SE 467) ; *Willingham v. Glover,* 28 Ga. App. 394, 396 (3) (111 SE 206) ; *Davis v. Menefee,* 34 Ga. App. 813, 814 (1) (131 SE 527) ; *Ragsdale v. Duren,* 100 Ga. App. 291, 293 (111 SE2d 144).

The testimony of Trammell and Walden, plaintiff's agents, shows that the plaintiff's only knowledge of defendant's real principals was the trade name under which defendant's principals proposed to operate the restaurant. "The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. Furthermore, the use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability." 3 Am. Jur. 2d 677, Agency, § 320. See Saco Dairy Co. v. Norton, 140 Me. 204 (35 A2d 857, 150 ALR 1299) ; Anno. 150 ALR 1303.

In the Norton case, supra, it was conceded that a trade name may be used under such circumstances that agency will be sufficiently disclosed, this being a question for the trior of facts. Here however, the transaction was not made under any circumstances tending to import knowledge of the fact of agency or the identity of the principals. Thus, it does not appear from testimony of plaintiff's agents that plaintiff had any knowledge either of defendant's true status or of whom she represented.

"The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal . . . And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him." *Bedingfield v. McCullough,* 106 Ga. App. 759, 760 (128 SE2d 374) and citations.

That version of defendant's testimony most unfavorable to her is that she told plaintiff to look to the corporation operating Old Colony Inn for payment of the account. This negates her testimony that she and Hampton advised plaintiff that she was acting for certain individuals. Therefore, we must take it that her real principals were undisclosed, and moreover that she purported to act for a non-existent principal, since the evidence shows that no corporation which was to operate Old Colony Inn was legally in existence at the time of the initial transaction.

One who assumes to act as agent for a non-existent principal or one having no legal status renders himself individually liable in contracts so made. *Shiflett v. John W. Kelly & Co.,* 16 Ga. App. 91, 94 (84 SE 606) ; *Powers v. Brunswick-Balke-Collender Co.,* 19 Ga. App. 706 (2) (91 SE 1062) ; *Hagan v. Asa G. Candler, Inc.,* 59 Ga. App. 587, 591 (1 SE2d 693), aff. 189 Ga. 250 (5 SE2d 739, 126 ALR 108).

There was no evidence that it was defendant who made the purchases subsequent to the first transaction. Thus a verdict against Mrs. Bagen, the defendant, in the full amount of the account was not authorized by the evidence. On the other hand, a verdict against Mrs. Bagen in the amount of $61.62 representing the remainder of the amount of the initial purchase was demanded by the evidence.

*Judgment reversed on the general grounds. Frankum and Hall, JJ., concur.*