42664. DINKLER MANAGEMENT CORPORATION v. STEIN et al.

ARGUED MARCH 7, 1967—DECIDED APRIL 18, 1967.

*Troutman, Sams, Schroder & Lockerman, Harold C. McKenzie, Jr., Gerald P. Thurmond,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, J. Timothy White,* for appellees.

JORDAN, Judge. "It is well established under the common law that, where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it, and one who performs personal services at the request of the agent, who fails to disclose his principal for whom the request is made, may recover from the agent, where he so elects, or he may proceed against the principal, when made known, should he not elect to proceed against the agent." *Roberts v. Burnette,* 72 Ga. App. 775, 777 (35 SE2d 201). The party with whom an agent contracts, without disclosing his principal, may treat the agent as the principal, and elect to proceed against the agent as such in lieu of the principal, but he may not proceed against the two jointly. See *Code* § 4-305; *Washburn Storage Co. v. Elliott,* 93 Ga. App. 456 (3) (92 SE2d 28). If credit is given to the agent by choice of the seller, the seller may not afterward demand payment by the principal. *Code* § 4-306. Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case. *Code* § 4-406. "What was the understanding of both parties is a question of fact to be decided by the jury." *Chambliss v. Hall,* 113 Ga. App. 96, 100 (147 SE2d 334).

Applying these principles of agency to the evidence, we find no merit in any of the contentions of the defendant. The fact that the name "Lucayan Beach Hotel" appeared on at least one of the menus does not necessarily establish an agency-principal relationship when the same menu shows the notation "A Dinkler Hotel Operation," another shows the identical notation, and a third shows, "A Dinkler Operation." These notations were at least as likely to lead the plaintiffs to believe that Dinkler was operating the activity as a principal instead of as an agent, and while it may be obvious that the plaintiffs' salesman knew that the menus were for the Lucayan Beach Hotel, this knowledge does not mean that he knew or should have known of the agency-principal relationship. Whether to believe the salesman or the food and beverage manager as to what was disclosed in conversa-

tions between the two was for jury determination, and if the jury believed the salesman, the true relationship between Dinkler Management Corporation and the Lucayan Beach Hotel was never disclosed. It is also shown by the evidence of the billing for three months to Dinkler that the plaintiffs originally elected to extend credit to Dinkler and no one else, and that the credit memorandum was issued to Dinkler only after Dinkler had affirmatively disclosed the agency-principal relationship. This after-the-fact disclosure of the relationship, and the subsequent futile efforts by the plaintiffs to collect from the principal, would not operate to deprive the plaintiffs from relying on their original course of action in looking to the agent for payment. The credit memorandum did not operate as a waiver, and fails as an accord and satisfaction in the absence of any consideration.

The evidence is in conflict on the stipulated issue of whether the printing was done for the defendant or for a third party. This issue was decided in the plaintiffs' favor and since the evidence authorized this finding the trial judge did not err in entering judgment accordingly, and in overruling the motion for a new trial.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*