## 44282. MASLIA v. KILGORE.

JORDAN, Presiding Judge. This is an appeal by the defendant from the grant of a summary judgment in favor of the plaintiff for a commission of $500 allegedly earned under an exclusive contract for the sale of a business. *Held:*

1. The motion to dismiss the appeal is denied.

2. The defendant, having signed the contract over the printed word "Owner" thereby concealing the fact that the business listed for sale, "Transmission Service Co.," was a corporation of which he was president but in which he owned no stock, assumed a status tantamount to that of an agent with an undisclosed principal. To avoid individual liability it was his duty to disclose his agency, and having failed to do so, even if he acted within his authority, the party with whom he dealt, if he so elects, may proceed against him. See *Dinkler Management Corp. v. Stein,* 115 Ga. App. 586, 590 (155 SE2d 442). An agent also incurs personal liability to the person with whom he deals for acts exceeding the scope of his authority. *Code* § 4-409.

3. The plaintiff sues as W. M. Kilgore, d/b/a Southern Business Sales, and the contract, dated July 26, 1968, which he signed as "Agent," and which the defendant signed as "Owner," grants to "Southern Business Sales, Agents," the exclusive right for 60 days to sell "Transmission Service Co." It provides further, in pertinent part: "In the event of a sale being made during said period of exclusive right to sell acceptable to me regardless of price received, notwithstanding by whomsoever made, I agree that said Southern Business Sales shall be entitled to receive a said commission of five hundred dollars or ten percent of sales price whichever being the greatest [sic] for services rendered. I agree to turn over to said agents any person or persons interested about sale of business during time of exclusive right to sell." As consideration for the exclusive right to sell Southern Business Sales agreed to advertise the business in Atlanta newspapers and to maintain an office to render a service to the seller. It is undisputed that the plaintiff advertised the business for sale in an Atlanta newspaper on four days in August, 1968, that the listed business is a corporation, that on July 26, 1968, the defendant was the president of the corporation, but that Herman L. Hazan and Victor D. Maslia, as execu-

tors of the estate of Stella Maslia, owned all the stock, and that the executors sold the corporation on August 28, 1968, for $2,000.

The contract is enforceable against the plaintiff, notwithstanding his contention that it was impossible for him to control the sale of the corporation, its terms are clear, and under the undisputed facts the plaintiff is entitled to judgment for $500 as claimed.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED FEBRUARY 5, 1969—DECIDED JUNE 5, 1969.

*Charlie Franco, Saul Blau,* for appellant.
*Harold Karp,* for appellee.