## 49505. CLONTS v. ASSOCIATED DISTRIBUTORS, INC. et al.

Pannell, Presiding Judge.

Thomas J. Northcutt, Inc., whose president and majority stockholder was Thomas J. Northcutt, sold some five building lots to Franklin Road Corp., of which Thomas J. Northcutt was an officer and principal stockholder. Franklin Road Corp., thereafter, entered into an agreement with C. B. Clonts to build houses on the lots. Clonts, knowing that Franklin Road had no credit, agreed to use his own credit for the purchase of building materials. At the same time Clonts also was buying materials from appellee for use on other projects where he was a contractor. Franklin Road agreed to turn over to appellant monies periodically obtained from its construction lender for the purpose of paying Clonts, inter alia, for the building materials. The account became delinquent. Numerous discussions ensued and appellant never denied receipt of the materials purchased or that he was obligated to pay for them. At the time of appellant's purchases, the vendor had no knowledge of ownership of the land or appellant's relationship with Franklin Road.

Appellee filed suit against C. B. Clonts, Thomas J. Northcutt, Thomas J. Northcutt, Inc., and Franklin Road Corporation for the balance due on the open account of Clonts. Motions for directed verdicts on behalf of Thomas J. Northcutt and Thomas J. Northcutt, Inc., were granted. Motions for directed verdicts against appellant and the Franklin Road Corporation were granted. Appellant moved for a judgment notwithstanding the verdict or in the alternative for a new trial, which motion was denied and this appeal followed. The Franklin Road Corporation did not appeal. *Held:*

1. Appellant enumerates that the trial judge erred in granting appellees (Northcutt and Northcutt, Inc.) directed verdicts.

One of several defendants in an action, not on a joint cause of action, cannot complain of the direction of a verdict for the other defendants. *Brissette v. Munday,* 222 Ga. 162 (149 SE2d 110); *Collier v. Hyatt,* 110 Ga. 317 (35

SE 271).

2. Appellant complains of the granting of a directed verdict against him and in denying his motion for a new trial.

The evidence is clear that appellee had canceled credit to Franklin Road and appellant, with full knowledge of that fact, utilized his credit line to obtain materials. He obtained the lender's funds from Franklin Road and made payments to appellee on his account, which included building materials for jobs performed for others. The testimony of appellee's employees disclaiming knowledge that appellant was acting as agent for Franklin Road is uncontradicted and there is no contention that he advised appellee, before the account came into dispute, that he was the agent. "[I]t is well established under common law that, where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it . . ." *Roberts v. Burnette,* 72 Ga. App. 775, 777 (35 SE2d 201); *Ragsdale v. Duren,* 100 Ga. App. 291, 293 (111 SE2d 144); *Brown-Wright Hotel Supply Corp. v. Bryan,* 112 Ga. App. 300, 302 (145 SE2d 294); *Chambliss v. Hall,* 113 Ga. App. 96, 99 (147 SE2d 334); *Dinkler Management Corp. v. Stein,* 115 Ga. App. 586, 590 (155 SE2d 442). The evidence before the court in the case sub judice demanded a verdict for the plaintiff. Likewise, there was no error in denying the motion for a new trial.

3. The remaining enumerations of error are either mooted by this opinion or considered to be without merit.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 4, 1974.

*Fred W. Minter,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr., Arnall, Golden & Gregory, Allen I. Hirsch,* for appellees.