64528, 64529. FISHER SCIENTIFIC COMPANY v. McCORKLE; and vice versa.

BIRDSONG, Judge.
Fisher Scientific Company sued Chip McCorkle to recover an amount owed for chemicals and laboratory supplies ordered by McCorkle on the account name and credit of his employer, Jones & Armstrong Steel Company. The trial court denied Fisher Scientific's motion for directed verdict and motion for judgment notwithstanding the verdict following the jury's verdict in favor of McCorkle. Fisher Scientific appeals; and McCorkle, by cross-appeal, complains of the use of his deposition at trial in his absence. *Held:*

1. The trial court erred in denying Fisher's motion for judgment

notwithstanding the verdict. The evidence is undisputed that Fisher Scientific does not sell chemical and laboratory supplies to individuals, but only to companies; and that by his own admission, McCorkle, being desirous of obtaining such supplies for a friend named Mills, called Fisher Scientific and placed orders in the name of his employer Jones & Armstrong Steel Company. Mills would then pick up the supplies when McCorkle notified him of their delivery to Jones & Armstrong's place of business. The only material dispute of fact is that Jones & Armstrong Steel Company denies any knowledge of this activity (until it received a bill) and denies that it gave McCorkle permission to order chemicals in its name; while McCorkle testified (by deposition) that he asked Jones & Armstrong " 'could I make some purchases through Jones & Armstrong, and have the invoices paid when they are due.' The answer from management was yes. At that time, I used Jones & Armstrong's credit to open the account."

On appeal, we must accept that view of the evidence favoring the jury's verdict, and hence we must conclude the jury believed that McCorkle did have authority and permission from Jones & Armstrong to order chemicals and supplies in its name and on its credit. But if that be the case, Fisher Scientific was nevertheless entitled to a verdict against McCorkle. Fisher cites Code Ann. § 4-305, which provides: "If an agent shall fail to disclose his principal, when discovered, the person dealing with the agent may go directly upon the principal, under the contract, unless the principal shall have previously accounted and settled with the agent." Fisher contends that McCorkle was the undisclosed principal and used Jones & Armstrong as agent to establish an account, so that the undisclosed principal McCorkle is liable to Fisher Scientific under the statute. We think it is the other way around, however. As between Fisher Scientific and McCorkle, McCorkle represented himself and operated as the agent of Jones & Armstrong in ordering supplies purportedly on its behalf and on its credit. The true undisclosed principal was McCorkle's friend Mills. Fisher could under Code Ann. § 4-305, "go upon" the true principal (Mills) or Fisher could elect to sue the agent (McCorkle). *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300 (145 SE2d 294); *Washburn Storage Co. v. Elliott,* 93 Ga. App. 456 (92 SE2d 28).

As between Fisher and McCorkle, Fisher dealt with McCorkle as the agent for an undisclosed principal, and McCorkle is liable to Fisher; and as between Fisher and McCorkle, it matters not whether Jones & Armstrong permitted McCorkle to deal with Fisher in this fashion. Whether Fisher might have had a remedy against Jones & Armstrong under another theory is irrelevant to this action, because

under Code Ann. § 4-305, Fisher did have a remedy against McCorkle. Appellant Fisher was entitled to a judgment notwithstanding the verdict.

2. The trial court did not err in admitting McCorkle's deposition for use at trial, as he was a party. Code Ann. § 81A-132 (a) (2); § 81A-132 (a) (4). Moreover, as the trial court pointed out, it would be a fraud on the court to permit a party to voluntarily absent himself from his own trial and then for any reason claim his deposition could not be used.

*Judgment reversed as to case no. 64528 and affirmed as to case no. 64529. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 24, 1982.

*James Cifelli,* for appellant.
*James E. Thompson,* for appellee.