A09A1544. EAYRS v. ABSOLUTE ROOFING, INC. et al.

(686 SE2d 432)

BARNES, Judge.

Allan F. Eayrs appeals the grant of partial summary judgment to Don T. Harris. Eayrs contends the trial court erred by dismissing Harris as a defendant because genuine issues of material fact exist for a jury to determine. Finding no reversible error, we affirm.

On appeal from a grant of summary judgment, the appellate court must review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of material fact exists and that the prevailing party was entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). The moving party has the burden to show that no genuine issue of material fact exists and the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. *Action Concrete v. Focal Point Engineering*, 296 Ga. App. 567 (675 SE2d 303) (2009). If the party moving for summary judgment is the defendant, he need only show an absence of evidence to support an essential element of the plaintiff's case to prevail on summary judgment. Id.

Viewed in the nonmovant's favor, the evidence shows that Ernest Eayrs and Allan Eayrs are brothers who own commercial properties together and separately. When the repair contract at issue

here was signed, A. Eayrs owned the property to be repaired. E. Eayrs manages all the brothers' properties and would make repairs when necessary. He called several companies and obtained repair estimates, then obtained a proposal from Absolute Roofing which was drafted and signed by Harris. E. Eayrs made the check for payment out to Absolute Roofing. After the work was completed, however, the roof continued to leak, and A. Eayrs sued Absolute Roofing, Inc. and Don T. Harris for breach of contract.

Harris moved for summary judgment on the claim against him, arguing that no evidence showed he was personally liable under the contract to repair the roof. The trial court granted Harris' motion and dismissed him from the case. A. Eayrs contends on appeal that the trial court erred in granting summary judgment to Harris because Eayrs was unaware that Absolute Roofing was a corporation and believed he was dealing with Don T. Harris as an individual.

The trial court did not err. Under OCGA § 10-6-23, if the principal is disclosed and the agent professes to act for him, the form in which the agent acts is immaterial and the act will be held to be the act of the principal. The contract for the installation of the roof has the name "Absolute Roofing" across the top. Don T. Harris' affidavit states that he signed the contract as an employee of Absolute Roofing, Inc. No evidence in the record shows Harris held himself out as an individual. Instead, the evidence shows that E. Eayrs found Absolute Roofing, Inc. in the phonebook and called them to come and fix the roof.

*Action Concrete v. Focal Point Engineering,* supra, 296 Ga. App. at 567, does not require a different result. In that case, the plaintiff dealt with both the project owner and the project engineer on a construction project, and the evidence would authorize a jury to conclude that the engineer obtained the contract without disclosing to the plaintiff that it was dealing with the engineer only as the owner's agent. Similarly, in *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300 (145 SE2d 294) (1965), the defendant's use of a trade name did not necessarily disclose the principal's identity sufficiently to protect the agent against personal liability. In this case, however, the evidence clearly establishes that Eayrs was dealing with a disclosed principal, Absolute Roofing.

Although Eayrs places great emphasis on the fact that Absolute Roofing's contract did not show it to be a corporation, whether the company was a corporation is not the issue in this case. The issue is whether Absolute Roofing was disclosed as the principal in this transaction, and all the evidence shows that it was.

Therefore, the trial court did not err by granting summary judgment to Don T. Harris.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 6, 2009.

*Grover C. Bailey*, for appellant.
*Ernest D. Napier III*, for appellees.